Lucy CIARAVELLA

v.

Elliot L. RICHARDSON, Secretary, Department of Health, Education and Welfare.

Civ. A. No. 72–124.

United States District Court, W. D. Pennsylvania.

July 9, 1974.

Swope & Swope, Ebensburg, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge:

This proceeding has been filed and arises under Part B, Title IV, of the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C.A. § 921 et seq., hereafter the Act. The immediate matter before the Court is defendant's Motion for Summary Judgment.

■ By this proceeding, plaintiff is seeking a review of a final decision of defendant which denies her claim for black lung benefits as the widow of a miner. Section 413(b) of the Act, 30 U.S.C.A. § 923(b), incorporates by reference sections 205(g) of the Social Security Act; thus, if there is substantial evidence to support the determination of defendant, defendant's Motion for Summary Judgment should be granted.

The Court has reviewed the entire record in this proceeding and has considered the briefs of the parties. It is well to note that this case was initially filed in this Court on February 10, 1972. After consideration of the record and briefs of counsel, the matter was remanded on July 6, 1972, for further administrative action in view of black lung amendments to the Act which became effective on May 19, 1972, since no opportunity to consider said amendments as they might apply to this proceeding had theretofore existed.

The facts may be briefly stated. Plaintiff and her husband were married on September 30, 1922. Plaintiff's husband began working as a coal miner around 1916 and worked in this capacity until his death on December 13, 1950. Plaintiff's decedent's death was the result of a mining accident in which the cause of death as listed on the death certificate was a crushed chest and neck. Plaintiff's husband had been told by Dr. Sharbaugh, his treating physician, that he should cease his employment in the coal mines, and in testimony given before the Administrative Law Judge assigned to this proceeding by the Bureau of Hearings and Appeals, plaintiff

stated that her husband had intended to stop working because of his pulmonary condition. It was Dr. Sharbaugh's opinion that due to the wage earner's long exposure to dust and silica for 33 years, he was suffering from advanced anthracosilicosis. In addition, the record reflects statements from co-workers that Ciaravella had a respiratory ailment. His intention to terminate work, however, was never fulfilled due to Mr. Ciaravella's untimely death.

Although otherwise entitled to benefits under the Act, defendant has determined that plaintiff is not eligible for the relief sought because there has been no showing that the miner's death was due to pneumoconiosis or that he was totally disabled as a result thereof at the time of his death.

 Plaintiff claims the benefit of various presumptions designed to aid a miner or his dependents in establishing their claims. One such presumption is contained in Section 411 of the Act, which provides as follows:

> "(4) If a miner was employed for fifteen years or more in one or more underground coal mines, and if there is a chest roentgenogram submitted in connection with such miner's, his widow's, his child's, his parent's, his brother's, his sister's, or his dependent's claim under this subchapter and it is interpreted as negative with respect to the requirements of paragraph (3) of this subsection, and if other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there shall be a rebuttable presumption * * * that his death was due to pneumoconiosis, or that at the time of his death he was totally disabled by pneumoconiosis. * * * The Secretary may rebut such presumption only by establishing that (A) such miner does not, or did not, have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with,

employment in a coal mine." 30 U.S. C.A. Section 921(c)(4).

Unfortunately, no x-ray reports of plaintiff's husband's condition are in existence, nor have other medical documents or evidence such as biopsy or autopsy reports been submitted which would substantiate the presence of pneumoconiosis.

Under the specific circumstances presented here, the Court finds no possible ·alternative but to affirm the determination of defendant as supported by substantial evidence. Therefore, defendant's Motion for Summary Judgment should properly be granted.