**Pearl B. ENGLAND, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 64-35-BL.**

United States District Court,
S. D. West Virginia,
Bluefield Division.

Dec. 11, 1974.

Abishi C. Cunningham, Welch, W. Va., for plaintiff.

John A. Field, III. U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

DENNIS R. KNAPP, Chief Judge.

This is a suit to review the final decision of the Secretary of Health, Education and Welfare denying plaintiff's claim as widow of a miner for "black lung" benefits, pursuant to sections 411(a) and 412(a)(2) of the Federal Coal Mine Health and Safety Act of 1969. 30 U.S.C.A. §§ 921 and 922. Plaintiff filed a formal application for benefits on May 4, 1970, under the provisions of the Act. The administrative law judge denied plaintiff benefits in an opinion dated January 26, 1972, and plaintiff requested a review thereof. However, before any decision of the Appeals Council was issued, the Act was amended and the case was remanded to the Bureau of Disability Insurance, which re-examined the plaintiff's application and again determined that plaintiff was not entitled to benefits. The plaintiff requested a hearing, and on October 11, 1973, the administrative law judge, considering the case *de novo*, again determined that plaintiff was not entitled to benefits. This decision was approved by the Appeals Council on November 30, 1973. Plaintiff then commenced this civil action on April 26, 1974, which is currently pending on the Motion for Summary Judgment filed by the defendant.

The only issue before the Court in this action is whether the aforementioned final decision of the Secretary is supported by substantial evidence.

The facts, as determined from the record herein, may be briefly summarized as follows: Plaintiff is the widow of Dewey F. England, a miner, who died on October 18, 1956, in a mine accident. She was living with and dependent upon the miner at the time of his death and has not remarried. Mr. England had worked in the mines for approximately 32 years. The death certificate indicates that the miner died on the 18th day of October, 1956, from crushing injuries to the chest and abdomen. No autopsy was performed on the miner, and there was no medical evidence to indicate that plaintiff's husband suffered from black lung. A statement from Stevens Clinic Hospital was submitted and indicates that they have no chest x-ray of the miner. He had been treated at the hospital only once and that was for a stomach x-ray. The Doctor's Memorial Hospital furnished a report which shows they could find no record of a visit by the miner. Plaintiff and two men who had known the miner testified as to the miner's shortness of breath.

As hereinbefore indicated, the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. Moreover, it is well settled that the burden of proof rests upon one who files a claim with an administrative agency to establish that the required conditions of eligibility have been met. This rule invariably has been applied to claims under Title II of the Social Security Act, Ragan v. Finch, 435 F.2d 239 (6th Cir. 1970), cert. den. 402 U.S. 986, 91 S.Ct. 1685, 29 L.Ed.2d 152, and is equally applicable to claims brought pursuant to Part B, Title IV, of the Federal Coal Mine Health and Safety Act of 1969, as amended.

In order to meet the eligibility requirements for widow's benefits, plaintiff must establish that she is a widow of a miner, was dependent upon him at the time of his death, has not remarried, and has filed a claim for benefits in accordance with the provisions of the Act. 20 C.F.R. § 410.210. The Secretary acknowledges that plaintiff met these requirements. However, plaintiff must then establish that the deceased miner was entitled to benefits at the time of his death or that he died before January 1, 1974, and was totally disabled due to pneumoconiosis at the time of his death or that his death was due to pneumoconiosis. Since the miner's death predated the black lung program, he was not entitled to benefits at the time of his death. Therefore, plaintiff must establish that the deceased miner's death was due to pneumoconiosis or that he was totally disable due to pneumoconiosis at the time of his death.

Pneumoconiosis is defined in the Act as a chronic dust disease of the lung arising out of employment in a coal mine. 30 U.S.C.A. § 902(b), (App. 1a). In accordance with the statutory mandate, the Secretary has promulgated regulations which, together with statutory standards and presumptions, establish the alternative tests for entitlement. 20 C.F.R. §§ 410.401 et seq.

There are four possible alternative ways plaintiff may establish entitlement to benefits. First is through interim adjudicatory rules. 20 C.F.R. § 410.490. Under these rules, a rebuttable presumption of total disability or death due to pneumoconiosis may be made where (1) an x-ray, biopsy or autopsy confirms the existence of simple pneumoconiosis or (2) in the case of a miner who worked many years in underground or comparable coal mine employment, ventilatory function studies establish the presence of chronic respiratory or pulmonary disease of certain values. Plaintiff herein has failed to meet either test. There are no x-ray, biopsy or autopsy reports which indicate existence of pneumoconiosis, nor has plaintiff submitted the required ventilatory function studies. In any event, 20 C.F.R. § 410.490(c)(1) rebuttal of this presumption if there is evidence that the miner was doing his usual coal mine work. Plaintiff was performing his usual coal mine work at the time of his death.

The second alternative test is provided in the Act, 30 U.S.C.A. § 921(c)(3).

This is a strict test requiring plaintiff to demonstrate the existence of complicated pneumoconiosis through the submission of specified x-ray, autopsy or biopsy reports. Plaintiff herein has neither submitted nor alleged the existence of any medical evidence that would meet the necessary evidentiary requirements of this alternative.

The third test relates solely to the issue of death due to pneumoconiosis arising out of coal mine employment. 30 U.S.C.A. § 921(a) and (b) (App. 1a). Since the evidence herein indicates that plaintiff's husband died of a mining accident, death obviously cannot be attributed to black lung.

The fourth and last alternative test by which plaintiff may establish entitlement to benefits is a two-step process. 20 C.F.R. §§ 410.414, 410.426 and 410.454. It requires that first, the existence of pneumoconiosis must be established and second, that as a result of the severity of the disease, the miner was totally disabled within the meaning of the Act. In this regard the law provides that "a miner shall be considered totally disabled when pneumoconiosis prevents him from engaging in gainful employment requiring the skills and abilities comparable to those of any employment in a mine or mines which he previously engaged with some regularity over a substantial period of time." 30 U.S.C.A. § 902(f) (App. 1a). In the instant case, both the dirth of medical evidence, as well as the actual work activity, demonstrate that the deceased miner was not totally disabled within the meaning of the Act.

As hereinbefore indicated, the Court must uphold the Secretary's decision if supported by substantial evidence. The Court has carefully reviewed the whole record, including the various exhibits, and has further carefully considered the findings of the administrative law judge and the evidence and conclusions upon which said findings were based, and is of the opinion that the Secretary's decision is supported by substantial evidence.

In accordance with the foregoing, it is hereby ORDERED that the defendant's Motion for Summary Judgment be, and the same is hereby, granted.

All matters in this case being concluded, this action shall be dismissed and retired from the Court's docket.

Let the Clerk of this Court mail certified copies of this Memorandum Order to all counsel of record.