Marie COX

v.

Caspar W. WEINBERGER, Secretary of Health, Education and Welfare.

Civ. No. 3–74–273.

United States District Court,
E. D. Tennessee, N. D.

Jan. 31, 1975.

H. Calvin Walter, Knoxville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Before the Court are the parties' cross-motions for summary judgment.

Plaintiff Marie Cox, the widow of a former coal miner, seeks review of the Secretary's decision denying her benefits under Part B, Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended in 1972. 30 U.S.C. § 901 et seq. Plaintiff's only contention is that the hearing examiner's decision, as adopted by the Secretary, is not supported by substantial evidence.

On May 7, 1970, having filed a protective application on January 27, 1970, plaintiff filed an application for benefits under the Federal Coal Mine Health and Safety Act of 1969, (Tr. 90), stating that her husband "[h]ad a lot of smothering" prior to his death on January 31, 1962 as a result of a mining accident. Her application was denied on January 8, 1971. (Tr. 94) The Division of Reconsideration likewise denied her claim on May 24, 1971. (Tr. 100) Plaintiff's application was again reviewed by the Reconsideration Division under the Act's 1972 Amendments on May 7, 1973 and August 10, 1973 and in both instances denied claimant's application. (Tr. 102, 105) A hearing was held before a hearing examiner on January 9, 1974 (Tr. 26) and on the basis of the testimony of 9 witnesses and other documents entered into the record, the hearing examiner in a decision dated May 10, 1974 concluded that the claimant did not qualify to receive benefits under the Act (Tr. 7). The hearing examiner's decision became the Secretary's final decision when the Appeals Council approved the examiner's decision on August 6, 1974.

### Scope of Review

As 30 U.S.C. § 923(b) (Supp.1975) provides that the application and review procedure should follow that procedure for review of disability determinations under the Social Security Act, the Court's scope of review is found at 42 U.S.C. § 405(g) which provides in part that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . . "

### FACTS

Claimant's husband, Millard Cox, 53 at the time of his death, worked in various East Tennessee underground coal mines from 1924 to January 1962 in all phases of mining, including the operation of a coal cutting machine, laying track and driving a motor car. The operation of a motor car was apparently his principal line of work. Millard Cox died in 1962 when a motor car driven by him struck a timber causing a dislodged rock to fatally strike him. (Tr. 142 A) No autopsy was performed. Claimant and deceased were married on June 14, 1930 (Tr. 111) and claimant has not remarried since the death of her husband in 1962.

Plaintiff testified before the hearing examiner that she received workmens compensation from the state for seven years before it was terminated and was presently without income except a limited amount from her children. (Tr. 49) Plaintiff stated that her husband coughed and wheezed since sometime in the fifties and that this condition would cause him to miss work. The deceased went to a Knoxville hospital for treatment of a knee and back injury and to an Oak Ridge hospital for treatment of kidney stones. Deceased's chest condition was treated by two doctors in Lake City, Tennessee, Dr. Cox and Dr. Scott, both of whom have since died and whose records on Mr. Cox have been destroyed. Thus, the only medical evidence before the hearing examiner was (1) a consultation report from the Department of Roentgenology of the Oak Ridge Hospital dated 4–23–52, stating:

"A film of the chest shows no evidence of pneumonia. The pulmonary markings are slightly increased at the right base, but this may be of no significance. The lung fields are not otherwise remarkable. The heart is slightly enlarged to the left. [Tr. 128]

(2) a report on an I. V. Pyelogram of the urinary tract dated 4–23–53 from

the Oak Ridge Hospital [Tr. 130], (3) an operative record on treatment for chronic prepatella bursitis [Tr. 132], (4) the affidavit of Carl Dew, stating that he is a druggist and that "he filled many prescriptions for [deceased], for asthmatic conditions and acute bronchitis. That [deceased] was treated by Doctor Cox and Doctor Scott. That he filled prescriptions from both doctors for breathing difficulties." [Tr. 142] and (5) the statement of Naomi Roddy, a nurse to Dr. Cox, in which she said that the deceased was treated by Dr. Cox for difficulty in breathing.

Johnny Cox, 28, and the son of the deceased, stated that he lived with his father before he died and that he observed his father cough and experience shortness of breath. (Tr. 58)

Ed Jones, 73, who worked with the deceased in the mines from approximately 1954 until Mr. Cox's death, stated that the deceased operated a motor car and that it was normal for such an operator to inhale sand particles used for obtaining traction on the tracks. (Tr. 63) Mr. Jones also noticed deceased's coughing. (Tr. 64)

Mr. William Robinson, 70, who worked in the same mine with the deceased from 1937 until 1962 stated that although he had never observed Mr. Cox cough since he did not work with him closely, generally the mines were dusty but not as severe as some mines. (Tr. 69)

Claude Bryant, 67, who worked with the deceased from approximately 1924 until 1942 and who later periodically visited him stated that the Beechgrove mine was hot and dusty and that he noticed that the deceased was short of breath. (Tr. 75)

Chesley Jackson, 65, who worked with the deceased for 17 years in the Beechgrove mines and visited him thereafter stated that before his death he noticed that Mr. Cox coughed hard and that he used some type of inhalation medicine. (Tr. 78)

Jack Wagner, 48, who worked with deceased for 10 years until his death, stated that Mr. Cox was generally short of breach and coughed frequently. (Tr. 81)

Donald Cox, 34, and the son of deceased, lived with his father prior to his death. He testified that his father frequently coughed when arising in the morning and experienced shortness of breath. (Tr. 83) He stated that his father's condition became progressively worse.

James Cox, 41, also a son of the deceased, was not living with his father at the time of his death, but did observe his physical condition. He stated that "he looked in good health," (Tr. 86) but used cough medicine for his cough and experienced shortness of breath when walking short distances. (Tr. 88)

This testimony was further supplemented by statements from various persons who had known or worked with Mr. Cox in various mines. These individuals generally described deceased's physical condition as "coughing, breathing hard." (Tr. 120)

On the basis of the above testimony together with other evidence, the hearing examiner found:

(1) The claimant effectively filed an application for survivor's benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, on January 27, 1970.

(2) The claimant is the widow of Millard L. Cox, and has not remarried.

(3) A claim for workmen's compensation benefits has not been filed under applicable state law but it would be futile to do so.

(4) The miner worked approximately 35 years in the nation's coal mines during the period extending from 1924 to January 1962.

(5) The miner was not receiving black lung benefits at the time of his death and he was not entitled to such benefits.

(6) The miner did not suffer from "complicated" pneumoconiosis.

(7) The miner was not "totally disabled" at the time of his death; he was engaged in mining employment on a regular full-time basis.

## LAW

■ Having reviewed the record in this case and the applicable laws and regulations governing the claimant's eligibility, the Court is of the opinion that there is substantial evidence in the record to support the Secretary's decision. The principal weakness in plaintiff's case is the lack of any clear or convincing medical proof that plaintiff's husband either died from pneumoconiosis or was disabled at such time due to the disease. While it is unfortunate that the records of Dr. Cox and Dr. Scott were destroyed and unavailable to support plaintiff's claim, their absence prevents the operation of some of the Secretary's presumptions.

While plaintiff has clearly established that she is the widow of a miner, was dependent upon him at the time of his death, and has since such time remained unmarried, she has failed to demonstrate her husband was entitled to benefits at the time of his death, or that his death was due to pneumoconiosis.

To facilitate the determination of eligibility under the Act, Congress directed the Secretary to promulgate certain alternative tests. 30 U.S.C. § 921(b). These tests are presently found at 20 C.F.R. § 410.401 et seq. The Court has reviewed in full the criteria under these tests and concludes that there exists substantial evidence in the record to support the Secretary's finding that plaintiff is not eligible.

■ Under 20 C.F.R. § 410.490 a presumption operates in favor of a widow that a miner was disabled due to pneumoconiosis at the time of his death if (1) a chest reontgenogram, biopsy, or autopsy shows the presence of the disease or (2), in the event the miner worked in a mine for 15 years, ventilatory studies establish the presence of a chronic respiratory or pulmonary disease. Again, in this instance, there was inadequate medical evidence to satisfy the second test and the only X-ray failed to demonstrate the presence of pneumoconiosis. Moreover, any favorable presumption would fail under 20 C.F.R. § 410.490(c)(1) as it is conclusively established that Mr. Cox was performing his usual work at the time of his death.

■ Under 20 C.F.R. §§ 410.418 and 410.458 an irrebuttable presumption arises when medical evidence (X-ray, biopsy or other means) meets an established standard. The only medical evidence here failed to meet this standard.

■ Under 20 C.F.R. §§ 410.456 and 410.62, if a miner worked for 10 years in the mines and died from a respirable disease, a presumption is created that his death was due to pneumoconiosis arising out of employment in a coal mine. It is readily apparent to the Court on the basis of the testimony and evidence introduced that the deceased's death in this case resulted from a mining accident and not a respirable disease.

■ Finally, under 20 C.F.R. §§ 410.-414, 410.426, and 410.454 a presumption of disability due to pneumoconiosis at the time of death operates in favor of the claimant if it is established that the deceased suffered from a totally disabling chronic respiratory or pulmonary impairment. Again, this presumption could not operate in plaintiff's favor since Mr. Cox was working at his usual mining operation at the time of his death, 30 U.S.C. § 902(f), assuming, arguendo, that there existed competent evidence to establish that Mr. Cox suffered from a respiratory or pulmonary disease. *See* 20 C.F.R. § 410.414(c) and 410.454(c).

As plaintiff failed to satisfy the requirements of any of these tests, the decision of the Secretary must be affirmed.

Accordingly, it is ordered that defendant's motion for summary judgment be, and the same hereby is, granted.