**Vesta PAULINE, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

Civ. A. No. C 74–61 Y.

United States District Court, N. D. Ohio, E. D.

Feb. 21, 1975.

Danny D. Johnson, New Philadelphia, Ohio, for plaintiff.

Richard French, Asst. U. S. Atty., Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, for defendant.

## ORDER

CONTIE, District Judge.

Defendant has moved the Court for summary judgment. Upon consideration and for the reasons stated below, the motion shall be granted.

This is an action for review of the decision of the Secretary of Health, Education and Welfare denying plaintiff's claim for Black Lung benefits as the widow of a miner, under Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Section 901 et seq. Section 413(b) of the Act, 30 U.S.C. § 923(b), incorporates by reference Sections 205(g) of the Social Security Act. Thus, if there is substantial evidence to support the determination of the defendant, defendant's motion for summary judgment must be granted.

Plaintiff filed an application on October 26, 1971 for widow's benefits under this Act. Her claim was denied on January 7, 1972 and again on reconsideration on April 18, 1973. Pursuant to her request, a *de novo* hearing scheduled for May 17, 1973, was held. At that time she submitted additional medi-

cal evidence and waived her right to appear and testify. The administrative law judge considered the evidence of the record *de novo* and, on September 7, 1973, made the following relevant findings of fact:

"1. That the deceased, Fred S. Pauline, was a coal miner in the State of Ohio at the time of his death, engaged in underground coal mining work within the meaning of Section 402(d) of the Black Lung Benefits Act.

"2. That the claimant, Vesta Pauline, was the miner's lawful wife at the time of his death within the meaning of Section 402(e) of the Black Lung Benefits Act, and was living with and dependent upon him for support at said time, and has not since remarried.

"3. That the claimant has not filed a claim under the Ohio Workmen's Compensation Law claiming pneumoconiosis benefits, but the administrative law judge finds that such a filing would have been futile.

"4. That the miner . . . died on May 2, 1961, as a result of a coronary occlusion while at work in a coal mine in Midvale, Ohio.

"5. That the death of the miner was not caused by pneumoconiosis or a respiratory or pulmonary impairment, nor was he totally disabled from any such impairments at the time of his death."

Accordingly, the administrative law judge denied plaintiff's application. This became the final decision of the defendant when on January 18, 1974, the Appeals Council affirmed this decision.

The facts may be briefly stated. The deceased worked over 30 years in the coal mines. On May 2, 1961, while at work inside a coal mine, plaintiff's husband died. No autopsy was performed. The deceased was 60 years old at the time of his death, and worked as a loader for Midvale Mining Company, Midvale, Ohio. The certificate of death listed the cause of death as coronary occlusion. The certificate listed no autopsy.

Certain evidence was submitted tending to establish that the deceased suffered from pneumoconiosis or other respiratory condition. Said evidence consisted of a report from Dr. V. C. Nipple, a general practitioner, dated May 15, 1973. This report was based entirely upon the doctor's memory. The doctor stated that the deceased had old rheumatic heart disease with mitral and aortic murmur grade II to III and chronic bronchial or miner's asthma with a chronic cough. No pulmonary studies nor specific X-rays for pneumoconiosis were done. The doctor's diagnosis was "pneumoconiosis?—history of miner's asthma and chronic heart disease from memory only".

The statements of plaintiff and several co-workers also tend to establish that the deceased suffered from pneumoconiosis or similar respiratory disease. However, the entire record contains no evidence disputing the conclusion that the deceased was working on the date of his death.

Section 411(b) of the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. § 921(b), provides that the Secretary of Health, Education and Welfare shall promulgate regulations prescribing standards for determinations of total disability or death of a miner due to pneumoconiosis. Pursuant thereto, the Secretary has prescribed standards contained in Social Security Administration Regulations No. 10, 20 C.F.R. § 410.

20 C.F.R. § 410.412 provides that a miner was totally disabled by pneumoconiosis if at the time of his death the severity of the pneumoconiosis prevented him "from engaging in gainful work in the immediate area of his residence requiring the skills and abilities comparable to those of any work in a

mine or mines in which he previously engaged with some regularity and over a substantial period of time . . ." and that his impairment "was expected to result in death, or it lasted or was expected to last for a continuous period of not less than 12 months". The evidence presented in this case did not establish total disability as the deceased was working on the date of his death.

These regulations also establish a number of presumptions, either irrebuttable or rebuttable, to aid the claimant in establishing his or her rights to benefits.

 Claimant essentially asserts that the presumption contained in 20 C.F.R. § 410.462(a) has not been rebutted, and, therefore, that she has met her burden of proving that the decedent's death was due to pneumoconiosis. Said section provides:

> "Even though the existence of pneumoconiosis as defined in Section 410.-110(o)1) is not established as provided in Section 410.454(a), if a deceased miner was employed for 10 years or more in the nation's coal mines and died from respirable disease, it will be presumed, in the absence of evidence to the contrary, that his death was due to pneumoconiosis arising out of employment in a coal mine."

The Secretary contends that since the cause of death listed in the "certified copy of death record" is coronary occlusion, this presumption is rebutted.

Apparently recognizing the strength of this argument, claimant challenges the validity of the "certified copy of death record". This challenge is predicated upon the failure of the doctor or coroner to certify the cause of death contained in the death certificate. However, examination of the record reveals that the certified copy of death record is not the certificate of death. Rather, it purports only to be a "true and correct transcript from said records of death" contained in the Clerk of Probate Court records. No other evidence is offered which would challenge either the sufficiency of the certificate of death or the stated cause of death contained in the certified copy of death record.

The Court finds that the presumption contained in 20 C.F.R. § 410.462 is rebutted because claimant has failed to establish the invalidity of the death certificate or rebutted the presumption of cause of death as listed therein.

The Court finds substantial evidence in the record to uphold the Secretary's decision. Accordingly, the Secretary's motion for summary judgment is hereby granted, and his decision affirmed.

It is so ordered.