Verna M. COLLINS, Plaintiff,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 74–84–BL.

United States District Court, S. D. West Virginia, Bluefield Division.

Dec. 4, 1975.

J. N. Harman, III, Welch, W. Va., for plaintiff.

John A. Field, III, U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

DENNIS R. KNAPP, Chief Judge.

This is an action to review the final decision of the Secretary of Health, Education and Welfare denying plaintiff's claim as the widow of a deceased coal miner for black lung benefits pursuant to Section 411(a) and Section 412(a)(2) of the Coal Mine Health and Safety Act of 1969, as amended by the Black Lung Benefits Act of 1972. 30 U.S.C.A. §§ 921(a) and 922(a)(2). Review is pursuant to 30 U.S.C.A. § 923(b) which expressly incorporates Section 205(g) and (h) of the Social Security Act. 42 U.S.C.A. § 405(g) and (h). The action is presently pending before the Court upon the cross motions of the plaintiff and defendant for summary judgment pursuant to the provisions of Rule 56(b) of the Federal Rules of Civil Procedure.

The only issue before this Court is whether the final decision of the Secretary denying the plaintiff's claim is supported by substantial evidence.

In order for the plaintiff to maintain her claim in this Court and to meet the eligibility requirements for widow's benefits, she has the burden of establishing that the deceased miner's death was due to pneumoconiosis or that he was totally disabled due to pneumoconiosis at the time of his death. A third qualify-

ing criteria, that the deceased miner was entitled to benefits at the time of his death, is not discussed further in this decision since the miner's death predated the black lung program. 20 C.F.R. 410.-210.

The evidence upon which the decision was based may be briefly summarized as follows: Plaintiff is the unmarried widow of Kenny Collins, a miner, who died on June 23, 1966, as a result of crushing injuries to the head and chest which were multiple and severe. These injuries were suffered in a roof fall in the coal mine in which he was working at the time of his death. X-rays taken at the Baltimore City Hospital in 1962 and 1965 revealed emphysema and fibrosis. Dr. M. Maskowitz reread the x-ray taken on March 2, 1975, as negative for pneumoconiosis. Chest x-rays dated June 13, 1962, June 21, 1963, and October 2, 1964, were interpreted by Dr. C. W. Nelson as showing simple pneumoconiosis. Dr. D. L. Rasmussen stated, on May 18, 1973, that the medical records indicated the presence of chronic lung disease. The plaintiff personally testified in support of her claim and submitted the statements of nine persons who had knowledge of the miner's health before his death. Earnings as shown on the miner's social security record were also submitted. It was held by the administrative law judge that the deceased miner had in excess of fifteen years coal mine employment.

The basis for denying the plaintiff's application in this case was the failure to show that the deceased miner's death was due to pneumoconiosis or that he was totally disabled due to pneumoconiosis or other chronic lung disease at the time of his death. It is clear from the death certificate that the plaintiff's decedent's death was not the result of pneumoconiosis but was the result of an unfortunate mine accident. The plaintiff is thus faced with the task of showing that the deceased miner was totally disabled due to pneumoconiosis at the time of his death. Pursuant to Section 411(b) of the Act, the Secretary has pre-scribed several methods of establishing pneumoconiosis, e. g., 20 C.F.R. §§ 410.-411, 410.418, 410.454, 410.456, 410.462, 410.490. This Court has considered all of the evidence in this case in light of all of the various presumptions and criteria designed to aid the plaintiff in establishing her claim and finds that she has failed to meet her burden of proof. See *Farmer v. Weinberger*, infra; *England v. Weinberger*, 387 F.Supp. 343 (S.D.W.Va.1974); *Cox v. Weinberger*, 389 F.Supp. 268 (E.D.Tenn.1975); *Rainey v. Weinberger*, 388 F.Supp. 1277 (E.D.Tenn.1975); *Ciaravella v. Richardson*, 377 F.Supp. 201 (W.D.Pa.1974).

Plaintiff contends that a miner can be totally disabled and still, through sheer determination, work and further that the plaintiff's decedent's work record reveals that he was in fact disabled. This was recognized in the case of *Dellosa v. Weinberger*, 386 F.Supp. 1122 (E.D.Pa.1974) and was discussed in the case of *Farmer v. Weinberger*, 519 F.2d 627 (6th Cir. 1975). These cases mention specifically Social Security Ruling 73–36 in which the Secretary stated that there were circumstances when a miner could be found totally disabled at the time of his death even though still employed in the mines. The plaintiff presented substantial testimony that the deceased performed poorly and missed work because of his weakened condition. However, the administrative law judge, as in the *Dellosa* case, supra, did not fail to consider this evidence. This is shown by his statement concerning the earnings record of the deceased miner as well as the fact that he did "not take lightly the statements advanced by the various people who observed the late miner in the last few years of his life."

With respect to the question of total disability, this Court has examined the earnings record of the deceased miner. This record shows an overall pattern of a miner working at about the same level from at least 1951 and supports the Secretary's finding that the deceased miner had the residual abilities for coal mine work and was not disabled within the

meaning of the Act. See 30 U.S.C.A. § 902(f); 20 C.F.R. 412(a)(1).

While the evidence does indicate that the deceased miner had a chronic lung disease, which *arguendo* could have been "simple pneumoconiosis," he was working at the time of his death and a finding of total disability cannot be found. Thus, the evidence of record supports the decision of the Secretary denying the plaintiff's claim for benefits.

Review of the decision of the Secretary in the district court does not contemplate a *de novo* judicial proceeding and where, as in this case, substantial evidence supports the Secretary's decision, this Court is bound to uphold that decision. *Whiten v. Finch*, 437 F.2d 73 (4th Cir. 1971). This Court, having reviewed all the alternative ways in which the plaintiff can establish entitlement to benefits, has concluded that the Secretary's decision is supported by substantial evidence.

Accordingly, it is hereby ordered that the Secretary's decision be affirmed and the motion of the defendant for summary judgment be and the same is hereby granted, and that the like motion for the plaintiff be and the same is hereby denied. All matters in this case being concluded, the action is hereby ordered dismissed from the Court's docket.