**Jean RYBA, Plaintiff,**

v.

**David MATTHEWS, Secretary of Health, Education & Welfare, Defendant.**

Civ. A. No. 74–3069.

United States District Court, E. D. Pennsylvania.

Dec. 9, 1975.

---

James S. Palmero, Hazelton, Pa., for plaintiff.

Kenneth A. Ritchie, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

FULLAM, District Judge.

The plaintiff, widow of a deceased coal miner, has filed this suit to challenge the Secretary's decision denying disability benefits, and contends that she is entitled to benefits under Title IV, Section 412(a) of the Federal Coal Mine Health & Safety Act of 1969, as amended in 1972. 30 U.S.C. § 901 *et seq.*

■ An evidentiary hearing on plaintiff's claim for black lung survivor's benefits was held on April 20, 1972. The hearing examiner rendered a decision denying benefits on May 4, 1972. Thereafter, the Federal Coal Mine Health & Safety Act was amended, and Mrs.

Ryba's claim was automatically reconsidered, as provided for in the amendments. 30 U.S.C. § 941. The Administrative Law Judge, relying on the evidence submitted at the April 20, 1972 hearing, and three additional exhibits furnished by the plaintiff, concluded that the claimant was entitled to survivor's benefits under the amended statutory provisions. The Appeals Council, on its own motion, reviewed the Administrative Law Judge's decision, and on October 29, 1974, reversed that decision and held that Mrs. Ryba was not entitled to survivor's benefits. The decision of the Appeals Council is the final decision of the Secretary of Health, Education & Welfare (hereinafter Secretary), and this decision must stand if supported by "substantial evidence." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The evidence produced at the April 20, 1972 hearing established the following relevant facts: (1) that claimant's husband died on April 17, 1957, as a result of a "crushing injury to the chest," and "fracture of the cervical vertebrae" sustained in a rock fall in his employer's coal mine; (2) that an X-ray taken on January 17, 1949 showed the existence of simple pneumoconiosis in the deceased miner's lungs; (3) that the deceased miner continued to experience shortness of breath, severe coughing spells, and a general worsening of his lung condition from the date of the X-ray in 1949 until his death; (4) that claimant's husband sought medical help for his physical condition from a general practitioner who treated him during this eight-year period (no additional X-rays or other diagnostic studies were done during this period); and (5) that the deceased miner continued to work in the mines until the date of his death.

■ Initially, I reject plaintiff's contention that she is entitled to disability benefits pursuant to the provisions of 20 C.F.R. § 410.418(c). That regulation provides for an irrebuttable presumption that the widow of the deceased coal miner is entitled to disability benefits if the existence of complicated pneumoconiosis is proven through (1) X-ray examinations disclosing one or more opacities meeting certain classification standards for pneumoconiosis; (2) biopsy or autopsy reports yielding massive lesions in the lungs; or (3) diagnoses by other means which could reasonably be expected to yield such results. 30 U.S.C. § 921(c)(3); 20 C.F.R. § 410.418. This regulation requires proof of complicated pneumoconiosis solely through the introduction of medical evidence, without resorting to lay testimony or opinions. In this case, the only persuasive medical information submitted to the hearing examiner was a chest X-ray of plaintiff's decedent, which was taken on January 27, 1949. I conclude as a matter of law that claimant has failed to submit sufficient medical information to bring her within the irrebuttable presumption of total disability provided for in 20 C.F.R. § 410.418. *See Wampler v. Weinberger,* C.A. No. 74–46–A (Sept. 16, 1974, W.D.Va.).

■ Plaintiff presents a stronger case by arguing that she is entitled to benefits pursuant to the provisions of the Secretary's Interim Adjudicatory Rules. 20 C.F.R. § 410.490 (App. 11A–13A). That regulation provides for a rebuttable presumption of total disability or death due to pneumoconiosis if specific medical evidence is submitted which shows the existence of simple pneumoconiosis or the presence of certain chronic respiratory or pulmonary conditions. Here, the Government admits in its brief that the "Chest X-ray of January 17, 1949, showed anthracosilicotic deposits in both lungs from apex to base, compatible with pneumoconiosis . . . ." The opinions of the Administrative Law Judge and the Appeals Council implicitly recognized that there was sufficient medical evidence to support a finding that claimant's husband was suffering from simple pneumoconiosis, and therefore was entitled to the rebuttable pre-

sumption of total disability provided for in the Interim Adjudicatory Rules.[1]

██ However, this presumption can be rebutted if it appears that there is evidence that "the individual is in fact doing his usual coal mine work or comparable and gainful work" at the time of his death. 20 C.F.R. § 410.490(c). Here, there is uncontradicted evidence that claimant's husband was working in the coal mines until the time of his death. Although there were sporadic instances when Mr. Ryba missed work because of his deteriorating health, he was never so totally disabled that he was incapable of working altogether. The Government argues that the Secretary could, and did, properly rule that the deceased miner's excellent work history renders his widow ineligible for disability benefits under the Interim Adjudicatory Rules.

Plaintiff admits that her husband was working at the time of his death, but points out that her husband had a family to support, and that he was working solely out of economic necessity. Plaintiff's argument, simply stated, is that 20 C.F.R. § 410.190(c) should not have been promulgated in its present form. Rather, plaintiff argues that the Secretary should have promulgated a regulation which provided for an exception to § 410.490(c), where it appears that the deceased coal miner was so ill that he could have justified not working, but nevertheless continued to work out of economic necessity.

██ Plaintiff's argument is an appealing one, but ignores the obvious problem that this Court has no power to rewrite the Secretary's regulations. The regulations specifically provide that the presumption that a widow is entitled to black lung disability benefits under the Interim Adjudicatory Rules can be rebutted if "there is evidence that the individual is, in fact, doing his usual coal mine work." See, Conf.Rep. No. 92–1048, U.S.Code Cong. & Admin.News, 92nd Cong.2d Sess.1972, pp. 2338–2339. Here, there is more than "substantial evidence" to support the Appeals Council's conclusion that Mr. Ryba was "doing his usual coal mine work" at the time of his death. Where the evidence presented rebuts the inference to be drawn from the presence of pneumoconiosis, courts have uniformly held that claimants are barred from receiving disability benefits under the Interim Adjudicatory Rules, regardless of the reason advanced for the miner's continued employment in the coal mines. See, Farmer v. Weinberger, 519 F.2d 627 (6th Cir. 1975); Ciaravella v. Richardson, 377 F.Supp. 201 (W.D. Pa.1974); England v. Weinberger, 387 F.Supp. 343 (S.D.W.Va.1974); Cox v. Weinberger, 389 F.Supp. 268 (E.D.Tenn. 1975).

Although the application of § 410.-490(c) to claimants like Mrs. Ryba has

---

1. Even if the Court were to reach a contrary conclusion, and rule that the medical data submitted by the claimant was insufficient to prove the existence of pneumoconiosis in the deceased miner, Mrs. Ryba could still establish eligibility pursuant to the Secretary's Permanent Adjudicatory Rules. 20 C.F.R. §§ 410.-414, 410.454 (App. 4a through 5a, 9a through 10a). In order to qualify under these regulations, the claimant must prove the existence of pneumoconiosis in the deceased miner, and must demonstrate that the disease caused the miner to be totally disabled within the meaning of the Act. 20 C.F.R. § 410.424 provides that where clinical and laboratory diagnoses are not available, "simple pneumoconiosis can nevertheless be proven by 'other relevant evidence [which] establish that the miner has (or had) a chronic respiratory or pulmonary imparity, the severity of which prevented him from doing coal mining work or any other kind of comparable and gainful employment.' 'Other relevant evidence,' within the meaning of the Act, includes 'any medical history, evidence submitted by the miner's physician, his spouse's affidavits, and . . . other appropriate affidavits of persons with knowledge of the individual's physical condition, and other supportive materials." Here, when the lay testimony and medical data are viewed in conjunction, there is no doubt that the plaintiff has met her burden of proving the presence of at least simple pneumoconiosis in the deceased miner. However, from a plaintiff's point of view, it is desirable to proceed under the Interim Adjudicatory Rules rather than the Permanent Adjudicatory Rules, because the Interim Rules, unlike the Permanent Rules, put the burden of proof on the issue of disability on the Government rather than the claimant.

unfortunate ramifications, and seems to penalize the families of workers who have little or no choice but to continue working despite their ill health, this Court is powerless to alter the Secretary's regulatory scheme. The decision of the Appeals Council will be affirmed.

## ORDER

And now, this 9th day of December, 1975, upon consideration of the Motion for Summary Judgment submitted on behalf of both the plaintiff and the defendant, it is ORDERED that the plaintiff's Motion for Summary Judgment is hereby DENIED and the defendant's Motion for Summary Judgment is hereby GRANTED.