**Elizabeth BUTLIEWICZ, Plaintiff,**

v.

**Caspar WEINBERGER (David Mathew) Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 75–453.**

United States District Court, E. D. Pennsylvania.

March 23, 1976.

OPINION

DITTER, District Judge.

Plaintiff brought this action to obtain widow's benefits allowed by Title IV of the Coal Mines Health and Safety Act of 1969, as amended by the Black Lung Benefits Act of 1972, 30 U.S.C. § 901, et seq. She now seeks review of the final decision of the Secretary of Health, Education and Welfare pursuant to Section 413(b) of the Act, 30 U.S.C.A. § 923(b), which incorporates by reference Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g). Before the court are the plaintiff's motion to remand the matter to the Secretary for reconsideration of the evidence or, in the alternative, for summary judgment reversing the Secretary's decision and the defendant's cross-motion for summary judgment. For the reasons set forth within, the plaintiff's motions are denied and the Secretary's motion is granted.

The facts may be briefly stated. Plaintiff and Joseph Butkiewicz were married on November 27, 1929. During the 15 years prior to his death on August 29, 1951, Mr. Butkiewicz worked as a coal miner. Testimony of the plaintiff, as well as affidavits submitted by her children show that he suffered from shortness of breath and coughing spells. The record also reveals that he had seen a doctor who wanted to take x-rays, although such studies never took place. On the day of his death, Mr. Butkiewicz worked a double shift at the mine, came home, had something to eat, and went to bed, anticipating working a double shift the following day. When his wife retired, she found that he was struggling for breath. She summoned help, but before the doctor arrived, Mr. Butkiewicz had died. He was only 43. According to the death certificate, decedent died of a coronary thrombosis. No antecedent causes were mentioned.

Mrs. Butkiewicz first filed for widow's benefits in 1970, and had an administrative hearing on April 20, 1972, in which her claim was denied. Following the 1972

Blythe H. Evans, Jr., Wilkes-Barre, Pa., for plaintiff.

James H. Manning, Jr., Asst. U. S. Atty., Robert E. J. Curran, U. S. Atty., Eastern District of Pennsylvania, Philadelphia, Pa., for defendant.

amendment to the Act, plaintiff re-applied for benefits and was afforded another administrative hearing on June 11, 1974.[1] Again, her claim was denied. Plaintiff appealed that decision to the Appeals Council, producing additional evidence, most significantly a letter from the deputy coroner who prepared the certificate of death. This letter, dated 23 years after Mr. Butkiewicz died, stated, ". . . that a contributing factor to the immediate cause of death was anthracosilicosis . . ."[2] In addition, there was a certification from the funeral director who prepared decedent's body for burial that aspiration of the thoracic cavity produced "great quantities of Black dust and foreign particles and Black fluid coming from the lungs," which "is common in the case of anyone who worked in the mines for several years." The Appeals Council received this additional evidence but concluded that the decision of the administrative law judge was correct.

Plaintiff now seeks a remand in order that the same "additional evidence" she produced before the Appeals Council may be considered by an administrative law judge. Implicit in her motion is the assumption that the Appeals Council functions as a rubber stamp, upholding the decisions of the administrative law judges. This assumption is incorrect. The Appeals Council in reality makes an independent appraisal of all of the evidence, both that received into the hearing record and that subsequently produced. Additionally, it should be noted that whenever a district court remands a decision of the Secretary, the case returns to the Appeals Council rather than to an administrative law judge. Accordingly, since plaintiff does not propose to proffer any new evidence at the administrative level, good cause for remand does not exist, and her motion must be denied.

Turning to the cross-motions for summary judgment, the question is whether the decision of the Appeals Council is supported by substantial evidence. *Ginsburg v. Richardson,* 436 F.2d 1146, 1148 (3d Cir.), cert. denied, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142, reh. denied, 403 U.S. 912, 91 S.Ct. 2213, 29 L.Ed.2d 690 (1971); *Goldman v. Folsom,* 246 F.2d 776, 778 (3d Cir. 1957). If it is, summary judgment in favor of the Secretary must be granted. *Pauline v. Weinberger,* 391 F.Supp. 267, 269 (N.D.Ohio 1975); *Ciaravella v. Richardson,* 377 F.Supp. 201, 202–03 (W.D.Pa.1974).

The Black Lung Benefits Act provides that a widow may receive payments under its provisions if she can prove that her husband's death was due to pneumoconiosis, or that he died while totally disabled from pneumoconiosis.[3] Despite certain rebuttable presumptions favoring recovery which are found in the Act and the requirement that it be interpreted liberally with its beneficent purposes in mind, the fact remains that the burden of proof rests upon the claimant to establish pneumoconiosis as the cause of death or the cause of total disability. Here, Mrs. Butkiewicz could prove neither. Her husband plainly was not totally disabled at the time of his death, since he worked a double shift that day in the mines and was planning to do so the next day as well. It is equally apparent that plaintiff's proof falls short of establishing that Mr. Butkiewicz's death was due to pneumoconiosis. The certificate from the funeral director leaves little doubt that Mr. Butkiewicz *had* pneumoconiosis and the deputy coroner stated that this was a "contributing factor" to the death. Unfortunately, however, these are not the requirements established by Congress to justify payment. The evidence submitted by plaintiff establishes that her late husband died suddenly as a result of coronary thrombosis.

1. Although her claim was initially filed nineteen years after the death of her husband, pursuant to 30 U.S.C.A. § 924, the claim nevertheless was timely filed.

2. Anthracosilicosis is a form of pneumoconiosis.

3. "The Secretary shall . . . make payments of benefits . . . in respect of the death of any miner whose death was due to pneumoconiosis or who at the time of his death was totally disabled by pneumoconiosis." 30 U.S.C. § 921(a).

Even if pneumoconiosis was a contributing factor, the Secretary's decision to deny benefits was supported by substantial evidence and therefore his motion for summary judgment must be granted.