**Blanche HASH, Plaintiff,**

**v.**

**Joseph A. CALIFANO, Jr., Secretary of Health, Education, and Welfare, Defendant.**

**No. P–CIV–76–20.**

United States District Court, S. D. Illinois, N. D.

June 16, 1978.

Harold Lindholm, Peoria, Ill., for plaintiff.

Terry G. Harn, Asst. U. S. Atty., Peoria, Ill., for defendant.

## DECISION AND ORDER

ROBERT D. MORGAN, Chief Judge.

This is an action seeking judicial review of a final decision of defendant, Secretary of the Department of Health, Education, and Welfare, denying plaintiff's application for black lung benefits. The available administrative remedies have been exhausted and the matter is properly before this court under the provisions of 42 U.S.C. § 405(g),

as incorporated by 30 U.S.C. § 923(b). The court is empowered under this section to enter judgment upon the pleadings and administrative record. 42 U.S.C. § 405(g). The sole issue presented is whether the Secretary's final decision is supported by substantial evidence. After a thorough review of the pleadings and administrative record, the court has determined that the Secretary's decision is supported by substantial evidence.

The Federal Coal Mine Health and Safety Act of 1969 (the Act), as amended, 30 U.S.C. § 901 et seq., provides for the payment of benefits to miners who are totally disabled due to pneumoconiosis (black lung disease) arising out of coal mine employment. The Act also provides for the payment of benefits to the survivors of coal miners whose deaths were due to black lung disease or who were totally disabled by this disease at the time of their deaths. 30 U.S.C. § 901 et seq.

Joe W. Hash died on October 29, 1972, at the age of 61. On June 7, 1973, his widow, the plaintiff herein, filed an application for widow's benefits under the Act. Her application was denied on December 13, 1973. Upon reconsideration, the denial was affirmed. Pursuant to plaintiff's request, a hearing was held on July 24, 1975, before Administrative Law Judge Frank C. Mansfield. At the hearing both Mrs. Hash and her son and daughter testified. The administrative law judge (A.L.J.) issued his written decision on August 8, 1975, holding that Mrs. Hash was not entitled to widow's black lung benefits under the Act. Acting upon plaintiff's request for review, the Appeals Council of the Social Security Administration reviewed the decision of the A.L.J., and on January 22, 1976, approved the decision.

Plaintiff commenced the present action for judicial review of the agency action on March 19, 1976. Upon the motion of defendant, this court remanded the case, on July 9, 1976, to the defendant for further administrative proceedings. Thereafter, the Appeals Council vacated its denial of plaintiff's request for review of the hearing decision, and on November 8, 1977, after reviewing the evidence of record, including newly introduced evidence not available to the A.L.J., affirmed the decision of the A.L.J., holding that Mrs. Hash is not entitled to widow's benefits under the Act. This decision stands as the final decision of the defendant Secretary. Subsequently, plaintiff moved to reactivate her appeal to this court.

Plaintiff apparently meets all the personal eligibility requirements for a widow seeking benefits, as stated in 20 C.F.R. § 410.-210, since defendant does not contest her eligibility. The issue presented herein is whether she has proved the additional requirement that the deceased miner either (a) died of pneumoconiosis, or (b) was totally disabled due to that disease at the time of his death. 20 C.F.R. §§ 410.450, 410.410. Benefits were denied by the defendant on the ground that she failed to prove either alternative.

Proving death or total disability due to pneumoconiosis is a difficult task. To aid claimants with their difficult burden of proof, the Act provides several statutory presumptions which a claimant can use to establish his entitlement. 30 U.S.C. § 921(c).

Because plaintiff's husband died prior to January 1, 1974, and she filed her claim for benefits prior to that date, plaintiff can benefit from the more liberal interim adjudicatory rules. 20 C.F.R. § 410.490. These rules provide for a rebuttable presumption that a deceased miner was totally disabled due to pneumoconiosis at the time of his death or that his death was due to pneumoconiosis, as the case may be, if a "chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis (see § 410.428)." 20 C.F.R. § 410.-490(b)(1)(i).

A number of chest X-rays were taken of Mr. Hash within several years of the date of his death. While hospitalized in early 1971, for reasons not material here, a chest X-ray was taken. The X-ray disclosed some right pleural scarring and inactive fibrocalcareous scarring, but was felt by Dr. Roger K. Phillips to be within a normal range.

There is no mention in the patient's complaints, medical findings, or diagnosis, of any pulmonary or respiratory problem. On examination, the lungs were clear and resonant. This same X-ray was reread by Dr. G. Joseph Rosenstein, who is a Board certified radiologist, and who, according to the government's brief, is known to be a certified "B" reader of coal miner's X-rays.[1] Dr. Rosenstein noted a thickened pleura of the right costophrenic angle, but found the film to be negative for evidence of pneumoconiosis.

Mr. Hash was again hospitalized in February, 1972. Upon discharge, he was diagnosed as suffering from pulmonary carcinoma, left, nonresectable. During this period of hospitalization, several chest X-rays were taken. The first, taken on February 3, 1972, revealed "a homogeneous mass posterior to the left heart border with a soft infiltrate peripheral to the mass indicating probable primary lung cancer with inflammatory changes secondary to the obstructing lesion in the lower lobe, left lung." Subsequent X-rays, taken on February 7, 11, and 12, 1972, were substantially the same and further showed that the remaining lung fields and pleura were normal.

In conjunction with an esophagoscopy and thoractomy performed on February 11, 1972, a biopsy was taken from the lower lobe of the left lung, which was found to be nonresectable, and which was interpreted by two pathologists as squamous cell carcinoma. These biopsy slides were subsequently referred to Dr. William G. Battaile, a highly qualified pathologist who is also a Clinical Associate Professor Pathology at the Georgetown University School of Medicine in Washington, D. C. Dr. Battaile concurred in the hospital diagnosis of squamous cell carcinoma and found "no evidence of complicated or uncomplicated coal miner's pneumoconiosis."

■ It is evident from the foregoing that neither the biopsy nor any of the chest X-rays taken established the existence of pneumoconiosis. Furthermore, no autopsy was performed following Mr. Hash's death. Therefore, the medical requirements contained in 20 C.F.R. § 410.490(b)(1)(i) have not been satisfied.

■ The interim presumption contained in 20 C.F.R. § 410.490 also applies to cases in which a miner has worked for at least fifteen years in coal mines and ventilatory studies show the presence of a chronic respiratory or pulmonary disease of specified severity. 20 C.F.R. § 410.490(b)(1)(ii). However, this presumption is not triggered in the present case, for two reasons. First, the record fails to show that the decedent was employed in coal mining for the requisite fifteen-year period. Second, there is no evidence of record that any ventilatory studies were ever performed on Mr. Hash. Accordingly, the statutory presumption contained in 20 C.F.R. § 410.490 is inapplicable.

■ An irrebuttable presumption of total disability due to pneumoconiosis at the time of death is available under 20 C.F.R. § 410.418 and 20 C.F.R. § 410.458, where the claimant can demonstrate the existence of complicated pneumoconiosis. Complicated pneumoconiosis is evidenced either by (a) a chest roentgenogram (X-ray) showing the presence of one or more large opacities in the lungs, (b) biopsy or autopsy in which massive lesions are found in the lungs, or (c) other competent diagnoses consistent with 20 C.F.R. § 410.418(c). Plaintiff is unable to avail herself of this irrebuttable presumption, however, because no such opacities were visualized in any of the X-rays, no such massive lesions were found in the course of the biopsy, and the existence of complicated pneumoconiosis has not been established, or even suggested, by any other means.

■ Plaintiff is similarly unable to invoke the applicability of the rebuttable presumptions contained in 20 C.F.R. § 410.454(b) or 20 C.F.R. § 410.414(b). These sections afford rebuttable presumptions

---

1. A certification as a "B" reader is the highest possible rating a physician may attain and is awarded only after he has successfully passed a specially designed proficiency examination given by or on behalf of the Appalachian Laboratory for Occupational Respiratory Diseases.

that a deceased miner's death was caused by pneumoconiosis, or that at the time of his death he was totally disabled by the disease, where other evidence demonstrates the existence of a totally disabling chronic respiratory or pulmonary impairment. These presumptions are only applicable to cases in which the deceased miner has worked in the nation's coal mines for a period of fifteen years or more. As previously noted, Joe Hash's employment history does not satisfy the fifteen-year requirement.[2] Moreover, it is undisputed that Mr. Hash died of lung cancer, and there is simply no evidence of record that he suffered from a totally disabling chronic pulmonary or respiratory impairment at the time of his death. Thus, neither presumption is applicable.

■ A rebuttable presumption that a miner's death resulted from pneumoconiosis applies where the miner died from a respirable disease and he had worked in coal mining for at least ten years. 20 C.F.R. § 410.462(a). Although Joe Hash's employment meets the duration requirement, there simply is no evidence that he died from a respirable disease, as that term is explained in 20 C.F.R. § 410.462(b). Rather, the uncontroverted evidence establishes that the cause of death was squamous cell cancer of the lung. Consequently, plaintiff cannot claim the benefit of this presumption.

■ Having concluded that the plaintiff cannot take advantage of any of the presumptions contained in the Act or the regulations promulgated thereunder, the question remains whether total disability due to pneumoconiosis at the time of death or death due to pneumoconiosis has been proven independent of any of the aforementioned presumptions. The A.L.J. determined that neither has been proven. There is substantial evidence in the record, consisting primarily of the X-ray reports and biopsy report, to support the A.L.J.'s determination. In addition, the decedent's death certificate is *prima facie* evidence that the cause of death herein was squamous cell carcinoma. *Pauline v. Weinberger*, 391 F.Supp. 267 (N.D.Ohio, 1975). This *prima facie* evidence has not been rebutted, nor even seriously challenged.

■■ Judicial review of the defendant Secretary's final decision is limited to determining whether that decision is supported by substantial evidence. *Moon v. Celebrezze*, 340 F.2d 926 (7th Cir. 1965). It is not the function of a reviewing court to evaluate the evidence *de novo*. For the aforementioned reasons, the court must conclude that the Secretary's final decision holding that plaintiff is not entitled to black lung survivor's benefits is supported by substantial evidence.

Accordingly, IT IS ORDERED that the decision of the defendant, Secretary of the Department of Health, Education, and Welfare, is hereby AFFIRMED, and judgment shall enter herein for defendant.

---

**2.** On the basis of 20 C.F.R. § 410.414(b)(4) and 20 C.F.R. § 410.454(b)(4), plaintiff may be able to avoid applicability of the requirement of fifteen years of work in coal mines. In any event, however, the severe lung impairment requirement contained therein has not been met.