Mary **RAINEY**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare.**

**Civ. No. 3–74–314.**

United States District Court,
E. D. Tennessee, N. D.

Jan. 31, 1975.

Billy H. Leffew, Rockwood, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

TAYLOR, District Judge.

This is an action to review the final decision of the Secretary of Health, Education, and Welfare denying plaintiff's

claim as the widow of a miner for "black lung" benefits under the provisions of 30 U.S.C. §§ 921(a) and 922(a)(2) of the Coal Mine Health and Safety Act of 1969, as amended. 30 U.S.C. § 901 et seq. This Court has jurisdiction under the provisions of 30 U.S.C. § 923(b) which incorporates by reference the provisions of 42 U.S.C. § 405(g) and (h).[1]

The Secretary has moved for summary judgment pursuant to Rule 56, FRCP. The plaintiff has not responded to this motion.

■ Plaintiff is the widow of Charles L. Rainey who died July 1, 1949, after working in the mines for some 37 years. The Secretary concedes that plaintiff was dependent on the miner at the time of his death, that she has not remarried since her husband's death, and that she has exhausted her administrative remedies. See 20 CFR § 410.210. The Secretary contends, however, that the plaintiff has not demonstrated that the deceased miner's death was due to pneumoconiosis[2] or that he was totally disabled due to pneumoconiosis at the time of his death.[3] The Hearing Examiner found that the miner's death was not due to pneumoconiosis or a respirable disease presumed to be pneumoconiosis and that the miner was not totally disabled due to pneumoconiosis or a respirable disease presumed to be pneumoconiosis at the time of his death. Tr. 10. If these findings are supported by substantial evidence,[4] they are conclusive on this Court 42 U.S.C. § 405(g).

Pursuant to the authority granted in 30 U.S.C. § 921(b), the Secretary has promulgated regulations which prescribe the method for determining whether a miner was totally disabled by pneumoconiosis at the time of his death or whether his death was due to that disease. These regulations are found in 20 CFR § 410.401 et seq., and they establish four alternative tests for entitlement.

The first alternative provides for a rebuttable presumption of total disability or death due to pneumoconiosis where (1) an X-ray, biopsy, or autopsy establishes the existence of pneumoconiosis or (2) ventilatory function studies of the miner establish the presence of a chronic respiratory or pulmonary disease of the requisite degree of severity. 20 CFR § 410.490.

In the instant case the medical evidence was not sufficient to invoke the presumption. The plaintiff was not able to produce X-rays that showed the miner had pneumoconiosis. There was no ventilatory function study, biopsy, or autopsy. Even if the presumption had been successfully invoked, it would have been rebutted by the fact that the miner had worked in the mine on the day of his death. See 20 CFR § 410.490(c).

A second alternative test for entitlement is provided for in 30 U.S.C. § 921(c)(3) and was adopted almost verbatim in 20 CFR §§ 410.418 and 410.458. This test provides for an irrebuttable presumption that the miner's death was due to pneumoconiosis or that he was totally disabled due to that disease at the

---

1. Section (g) provides in pertinent part: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ." Section (g) provides that the review provided for in Section (h) is plaintiff's exclusive remedy.

2. Pneumoconiosis is defined in the Act as "a chronic dust disease of the lung arising out of employment in a coal mine." 30 U.S.C. § 902(b). See also 20 CFR 410.110(o).

3. In order to be entitled to benefits the plaintiff must establish total disability or death due to pneumoconiosis. 20 CFR § 410.210(e)(2).

4. 'Substantial evidence" has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

time of his death if the plaintiff carries the burden of showing that the miner suffered from "complicated pneumoconiosis".[5] The presence of complicated pneumoconiosis must be shown by an X-ray, biopsy, autopsy, or other means according "with generally accepted medical procedures for diagnosing pneumoconiosis." 20 CFR 410.418. This presumption is unavailable to plaintiff since it was not shown by the evidence that the miner was suffering from complicated pneumoconiosis.

A third alternative test for entitlement relates solely to the issue of death due to pneumoconiosis arising out of coal mine employment. Under this test a miner who has worked for many years in the mines and who died from a respiratory disease will be presumed to have died from pneumoconiosis. 20 CFR § 410.462. There must be a "reasonable possibility", however, that death was due to pneumoconiosis. The evidence in the record which bears most directly on this point is the death certificate. Tr. 46. The cause of death is listed as an acute coronary occlusion and no antecedent causes or other significant conditions are listed.

A fourth and final alternative test for entitlement is found in 20 CFR §§ 410.-414, 410.426, and 410.454. This test involved a two-step process. First plaintiff must show that the miner was suffering from pneumoconiosis or other chronic respiratory ailment. Secondly, it must be shown that the severity of the ailment caused the miner to be "totally disabled" within the meaning of the Act. Under this test "other relevant evidence" than X-rays, biopsies, or an autopsy may be considered. This evidence may include, *inter alia*, any medical history, evidence submitted by the miner's physician, his spouse's affidavits, affidavits of persons with knowledge of the individual's physical condition, and "other supportive material." 20 CFR §§ 410.414(c); 410.454(c).

 Plaintiff and her witness testified before the Hearing Examiner that her husband coughed considerably, spit up blood from time to time, and had difficulty breathing. Medical records were produced that indicated that the miner underwent surgery for a stomach ulcer in February 1949. Tr. 54–56. Dr. M. H. Schosser provided the miner's medical record for the period of March to June 1949. Tr. 51–52. The miner was examined for complaints of chest pains during this time and a chest X-ray indicated some increased markings to the left base. The doctor indicated that the miner's cough was more profuse and that there was pain indicated in the miner's chest. Tr. 52.

The Court recognizes the difficulty in producing medical evidence of a disease which allegedly existed over twenty-five years ago and at a time when there were no "black lung" benefits. The fact remains, however, that viewing the medical evidence in the light most favorable to plaintiff, and assuming (without deciding) that plaintiff has met her burden of showing the presence of pneumoconiosis or other chronic respiratory or pulmonary ailment, she has not established that the miner was "totally disabled" within the meaning of the Act so as to satisfy the second part of the two-step analysis in this final test. A miner is considered totally disabled when:

" . . . pneumoconiosis prevents him from engaging in gainful employment requiring the skills and abilities comparable to those of any employment in the mine or mines in which he previously engaged with some degree of regularity over a substantial period of time." 30 U.S.C. § 902(f).

*See also:* 20 CFR §§ 410.412 and 410.-424. The record shows that the miner worked in the mine on the day of his death. Thus, this final alternative test for entitlement is not available to plaintiff.

Accordingly, it is ordered that defendant's motion for summary judgment be, and the same hereby is, granted.

5. Defined in 20 CFR § 410.418.