Lambie MULLINS, Plaintiff,

v.

Casper WEINBERGER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. 74–17–C.

United States District Court,
N. D. West Virginia,
Clarksburg Division.

July 10, 1975.

Franklin W. Kern, Charleston, W. Va., for plaintiff.

James F. Companion, Wheeling, W. Va., for defendant.

## MEMORANDUM ORDER

MAXWELL, Chief Judge.

This is an action brought for judicial review of the final decision of the Secretary of Health,. Education and Welfare denying plaintiff's claim as a living miner for "black lung" benefits pursuant to the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S. C. § 901 *et seq.* The matter is before the Court on defendant's motion for reconsideration of this Court's order entered May 9, 1975, granting plaintiff's motion for remand. The effect of that order has been stayed pending determination of the motion now under consideration.

In order to fully comprehend the issue presented herein, it is necessary to narrate briefly the underlying factual background.

Plaintiff filed his application for "black lung" benefits on September 11, 1970. The Secretary's final decision denying plaintiff's claim was rendered on June 13, 1974. Thereafter, claimant retained legal counsel, who obtained additional medical evidence, *viz.*, a report of chest x-ray taken August 12, 1974. This x-ray report, which was interpreted as showing the presence of pneumoconiosis, category p 1/1, was submitted to the Appeals Council on August 20, 1974. The Appeals Council declined to change its decision, noting that the record, including the August 12, 1974 x-ray report, did not establish the presence of pneumoconiosis prior to July 1, 1973, the date on which the Social Security Administration lost jurisdiction over living miners' claims. An extension of time for commencing this civil action was granted, and when the complaint was filed in this Court on December 19, 1974, plaintiff's counsel attached to the complaint the August 12, 1974 x-ray report, referred to in the complaint as Exhibit 1. Defendant, after obtaining an extension of time within which to file a responsive pleading, filed his answer and a motion to strike Exhibit 1 to the complaint. Plaintiff filed a response to the motion to strike, including therein the motion to remand. The Court granted the motion to remand, and following the entry of that order, the instant motion for reconsideration was filed. Counsel have availed themselves of the opportunity to brief the issue presented, and the matter is now ripe for determination.

Defendant's position is that the additional medical evidence fails to establish the presence of pneumoconiosis and the consequent entitlement to benefits on or before June 30, 1973, the date upon which responsibility for administration of the program by the Secretary of Health, Ed-

ucation and Welfare terminated, and that the Secretary is without jurisdiction to consider the additional evidence. While there is, insofar as counsel and the Court have been able to determine, no case law on this point, defendant relies on the regulation promulgated by him, 20 C.F.R. § 410.226(b)[1] and the interpretation of this regulation in Social Security Ruling 74–32[2] in support of his contention.

Plaintiff contends that 20 C.F.R. § 410.226(b) effectively equates date of filing with date of eligibility, and that this conflicts with the pertinent provisions of the 1972 amendments to the Act and the intent of Congress. Plaintiff also asserts that administrative decisions of the Secretary support his contention and that this should be binding upon defendant.

■ The Court believes that the 1972 amendments to the Act and the legislative history of that enactment reflects a Congressional mandate to divest the Secretary of Health, Education and Welfare of both the administrative and financial responsibilities for the operation of the program as of June 30, 1973, and that 20 C.F.R. § 410.226(b) and Social Security Ruling 74–32, interpreting that regulation, are consistent with the expression and intent of the Congress. Consequently, the Court is of opinion that the Secretary is without jurisdiction to consider the August 12, 1974 x-ray report at issue here, and would have no statutory authority to make payments of benefits based upon that evidence. It necessarily follows that the order entered herein on May 9, 1975, granting plaintiff's motion to remand must be vacated, and that defendant's motion to strike Exhibit 1 to plaintiff's complaint and the reference thereto in paragraph 4 of the complaint should be granted, and it is so ORDERED.

■ In making this ruling, the Court recognizes that this issue will, in all likelihood, surface in a substantial number of civil actions brought pursuant to the Act. Accordingly, pursuant to the provisions of 28 U.S.C. § 1292(b), the Court hereby states that it is of opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of this litigation and may likewise contribute to the efficient and orderly disposition of other civil actions of like nature.

1. 20 C.F.R. § 410.226(b) provides as follows: (b) Prospective life of claims. A claim which is filed before the claimant meets all the requirements for entitlement to such benefits will be deemed a valid claim if the claimant meets such requirements of entitlement (1) before the Administration makes a final decision on such claim or (2) if the claimant has timely requested judicial review of such final decision before such review is completed. If the claimant first meets the requirements for entitlement to benefits in a month after the month of actual filing but before a final administrative or judicial decision is rendered on his claim, his claim will be deemed to have been effectively filed in such first month of entitlement.

2. Social Security Ruling 74–32 provides as follows: Where a coal miner files an application prior to July 1, 1973 for black lung benefits pursuant to Part B of Title IV of the Federal Coal Mine Health and Safety Act as amended: (1) the Social Security Administration under authority delegated by the Secretary of H.E.W., has jurisdiction for paying Part B benefits provided all requirements for entitlement to these benefits are met prior to July 1, 1973, and (2) where a miner filed an application prior to July 1, 1973, but all entitlement requirements are not met before that date, the Social Security Administration does not have jurisdiction for paying Part B benefits.