Kenneth C. HAYES

v.

David MATHEWS, Secretary of Health,
Education and Welfare.

Civ. No. 3–75–102.

United States District Court,
E. D. Tennessee N. D.

Jan. 20, 1976.

James E. Foglesong, Knoxville, Tenn.,
for plaintiff.

Edward E. Wilson, Asst. U. S. Atty.,
Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action to review the final decision of the Secretary of the Department of Health, Education and Welfare denying plaintiff's claim as a miner for black lung benefits pursuant to the Federal Coal Mine Health and Safety Act of 1969, as amended. 30 U.S.C. § 901 *et seq.*

Plaintiff filed an application for benefits on March 30, 1970, which was denied initially and upon reconsideration by the Social Security Administration. A *de novo* hearing was held before a hearing examiner on November 26, 1974, at which plaintiff was represented by counsel and at which he and several other witnesses testified. The hearing examiner found that plaintiff was not entitled to benefits. This became the final decision of the Secretary when approved by the Appeals Council on February 24, 1975.

Plaintiff was born in 1921 and completed the fourth grade. Since 1936 he has worked intermittently in coal mines as an auger operator, digger and hauler. The hearing examiner found that he had at least fifteen years of coal mine employment.

He testified that he ceased working in April 1973, at age fifty-one, because of shortness of breath and pain in his chest. He further testified that he has not been able to do any work since that time (Tr.

48, 55), and that he has been spitting up black or brownish phlegm for about ten years. (Tr. 49).

Plaintiff is receiving Social Security Disability Benefits. He is married and has two small children who are adopted. Charlotte Hayes, his wife, testified that her husband worked under very dusty conditions in the mines and that he coughed quite a lot and spit up brownish phlegm. She said that he tired very easily and had difficulty sleeping at night. She also said he was unable to work around their home because of his respiratory condition.

Three other witnesses generally corroborated plaintiff's testimony about his coal mine employment and testified that his health had deteriorated markedly in recent years. (Tr. 64–77).

### Medical Evidence

■ The X-ray reports of record were not sufficient to show that plaintiff is totally disabled due to pneumoconiosis. These reports are summarized as follows:

| Date of Report | Date of X-ray | Tr. Page | Film Reader | Interpretation |
|---|---|---|---|---|
| 4– 4–73 | 10–17–69 | 115 | Dr. Furnary | Negative |
| 8–14–73 | Not shown | 104 | Dr. Tomkinson | Negative [1] |
| 5– 8–73 | Not shown | 114 | Dr. Newman | Negative |
| 8–30–73 | Not shown | 118 | Dr. Swann | Negative [2] |

The results of ventilatory function studies performed on plaintiff are summarized as follows:

| Date of Report | Tr. Page | Administering Physician | $FEV_1$ | MVV |
|---|---|---|---|---|
| 11–28–72 | 105 | Dr. Castillo | 4.164L | 118 L/min |
| 5– 8–73 | 114 | Dr. Newman | ___ | ___ [3] |
| 8–30–73 | 118 | Dr. Swann | 2.6 L | 78 L/min |

In order to qualify under the interim presumption of total disability due to pneumoconiosis, a person of plaintiff's height (73″) must demonstrate both $FEV_1$ and MVV values equal to or less than the table values. (2.7 L and 108 L/min, respectively). 20 C.F.R. § 410.-490.

The ventilatory function study done by Dr. Newman is not very helpful since his findings are not expressed in terms of $FEV_1$ and MVV. Furthermore, his findings are not accompanied by spirometric tracings as is required by the regulations. 20 C.F.R. § 410.430. The $FEV_1$ and MVV values stated in Dr. Swann's

1. Doctor Tomkinson reported her impression as "Normal Chest. Pneumoconiosis. Classification—O". This is not accepted as evidence of pneumoconiosis within the meaning of the Act. 20 C.F.R. § 410.428.

2. Doctor Swann found small rounded opacities in the lungs fitting the category pneumoconiosis 0/1. This is not accepted as evidence of pneumoconiosis within the meaning of the Act. 20 C.F.R. § 410.428.

3. Doctor Newman did not list the FEV1 and MVV values he obtained. He did find that plaintiff's total ventilatory capacity was only 60% of that predicted and that the maximum breathing capacity (medically equivalent to MVV) was "significantly reduced."

report are below those listed in the table but the report was discounted by the hearing examiner as unacceptable because it did not contain the detailed information required in such reports nor was there appended to it the required spirometric tracings. *Id.*; Tr. 121.

From the foregoing medical evidence, we conclude that there is substantial evidence to support the hearing examiner's findings that plaintiff was not entitled to a presumption of total disability due to pneumoconiosis. This does not end the inquiry, however. A finding of total disability due to pneumoconiosis may be made notwithstanding the absence of positive X-ray reports or ventilatory function studies if "other relevant evidence" establishes the existence of a chronic respiratory or pulmonary impairment that is totally disabling and which arose out of coal mine employment. 30 U.S.C. § 923(b); 20 C.F.R. § 410.414(c). A chronic respiratory or pulmonary impairment is considered totally disabling if it is so severe that it not only prevents the claimant from engaging in his previous coal mine work but also, considering his age, education and work experience, he is prevented from engaging in any other kind of comparable and gainful work available to him in the immediate area of his residence. 30 U.S.C. § 902(f); 20 C.F.R. § 410.426.

"Other relevant evidence" is defined in the regulations as "medical tests such as blood gas studies, electrocardiogram, pulmonary function studies, or physical performance tests, and any medical history, evidence submitted by the miner's physical, [and] his spouse's affidavits." 20 C.F.R. § 410.414(c). The Secretary is under a duty to consider such "other relevant evidence" in reaching his decision. *Wilson v. Weinberger*, 401 F.Supp. 276 (E.D.Tenn.1975). It must be noted, however, that the existence of other relevant evidence in plaintiff's favor does not compel a finding of total disability. Such evidence does not raise a presumption of total disability, and all that is required is that the Secretary weigh the other relevant evidence

together with the clinical and laboratory evidence of record. *Id.*; *See Corridoni v. Weinberger*, 402 F.Supp. 983 (M.D.Pa. 1975); *Statzer v. Weinberger*, 383 F.Supp. 1258 (E.D.Ky.1974).

A blood gas study performed by Dr. Newman is within normal limits by comparison with the table in the Appendix of 20 C.F.R. § 410.490.

Dr. George Castillo, a specialist in internal medicine, noted that his impression of plaintiff's condition as of November 28, 1972, was an obstructive ventilatory defect of mild degree. (Tr. 105). Dr. Newman, a thoracic surgeon, diagnosed plaintiff's condition in May 1973 as chronic bronchitis with chronic obstructive lung disease. (Tr. 114). Dr. Swann, also a thoracic surgeon, diagnosed plaintiff's condition in August 1973 as possible coal worker's pneumoconiosis. (Tr. 118). In a report dated September 30, 1973, Dr. McNeely stated that although he had no X-rays of plaintiff, clinically he presented "a picture of emphysema." Dr. McNeely also was of the opinion that plaintiff "is totally and permanently disabled for work in the coal mines." (Tr. 119). Doctor McNeely's conclusion that plaintiff is "totally and permanently" disabled for coal mine work is due consideration, but it is not determinative of the ultimate issue in the case. 20 C.F.R. § 410.471. The hearing examiner rejected Dr. McNeely's conclusion due to the sparse information available to the doctor when the conclusion was reached.

The hearing examiner also considered the testimony of plaintiff and the other witnesses, and he concluded that

"[w]hile this evidence is considered along with all the other evidence of record, it is not of a quality to overcome the more objective evidence of the diagnostic testing and qualified medical opinions which preponderate in favor of a finding that claimant is not totally disabled with in [sic] the meaning of any provision of the Act and Regulations." (Tr. 13).

The regulations give considerable discretion to the Secretary in weighing oth-

er relevant evidence. The existence of other relevant evidence can support a finding of total disability, but never can compel such a finding when there is conflicting clinical evidence. *Wilson v. Weinberger, supra.* The negative X-ray interpretations, pulmonary function studies and blood gas studies represent substantial evidence that, although plaintiff has an obstructive lung impairment, it is not severe enough to be considered totally disabling. Since this Court cannot weigh the evidence, the Secretary's decision must be affirmed. *See* 30 U.S.C. § 921(c)(4).

For the foregoing reasons, the Secretary's motion for summary judgment must be granted.

Order Accordingly.