Carmine **COLANDER**

v.

F. David **MATHEWS**, Secretary of Health, Education & Welfare of the United States of America (two cases).

Civ. Nos. K–75–824, K–75–1320.

United States District Court,
D. Maryland.

June 24, 1976.

Joseph F. Dutka, Olyphant, Pa., Edwin T. Steffy, Jr., Baltimore, Md., for plaintiff.

Jervis S. Finney, U. S. Atty., and John W. Sheldon, Asst. U. S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

Plaintiff, Carmine Colander, pursuant to 42 U.S.C. § 405(g) incorporated by reference through 30 U.S.C. § 923(b), asks this Court to reverse a final decision of the Secretary of Health, Education and Welfare (the Secretary) denying his claim for "black lung" benefits under the Federal Coal Mines Health and Safety Act as amended, 30 U.S.C. §§ 901 *et seq.* (the Act).[1] Plaintiff's initial application for benefits under the Act filed on February 5, 1973 (Tr. at 47–50) was denied on September 20, 1973 (Tr. at

---

1. Civil No. K–75–824 was originally filed in this Court by plaintiff on June 20, 1975. On September 22, 1975, Civil No. K–75–1320 was transferred to this Court from the Middle District of Pennsylvania after that case was originally filed in that Court. Since the two actions are identical and relate to the same claim of plaintiff and the same adverse administrative determination, this Court, with the agreement

of counsel for plaintiff and defendant, hereby consolidates the two actions.

Originally, the defendant in both Civil Nos. K–75–824 and K–75–1320 was Caspar Weinberger, then the Secretary. As the latter's successor, F. David Mathews is deemed automatically substituted as defendant pursuant to Federal Civil Rule 25(d)(1).

51–53). The Bureau of Disability Insurance of the Social Security Administration on January 21, 1974 again denied the claim upon reconsideration under the 1972 amendments to the Act (Tr. at 56–57). A hearing was held on January 22, 1975 by Administrative Law Judge Howard J. Goren upon plaintiff's application (Tr. at 22–46). On February 11, 1975, Judge Goren concluded that plaintiff was not entitled to benefits under the Act (Tr. at 7–15). That decision was approved by the Appeals Council on April 21, 1975 (Tr. at 3) and accordingly became a final decision by the Secretary. The Government has filed a motion for summary judgment on the basis of the administrative record.

■ Plaintiff is 67 years old. He was employed in the coal mines for over ten years (Tr. at 30–34). In order to establish his entitlement to benefits under the Act, plaintiff must show that he was a coal miner, that he is totally disabled due to pneumoconiosis, and that his pneumoconiosis arose out of his employment in the coal mines. 20 C.F.R. § 410.410(a) and (b).[2] Plaintiff must also establish that he was totally disabled due to pneumoconiosis as of June 30, 1973. Under the Act as amended, Congress established a temporary federal program, administered by the Secretary, to compensate miners and their widows. The Secretary has jurisdiction over claims filed prior to July 1, 1973. 30 U.S.C. §§ 923, 924. For claims filed on and after July 1, 1973, jurisdiction shifted to the Secretary of Labor, 30 U.S.C. § 925. The Secretary of Labor, or a State Workmen's Compensation Agency in instances in which the Secretary of Labor has determined that the state involved pays adequate compensation, has been given subsequent jurisdiction over "black lung" claims 30 U.S.C. § 931. As indicated *supra,* plaintiff's claim was filed prior to July 1, 1973. However, pursuant to 20 C.F.R. § 410.226(b),[3] a claim is not deemed to have been filed until the first month in which the miner meets the requirements for entitlement to benefits under the Act. Thus, for example, if a miner filed his claim in June 1973 but did not become disabled until December 1973, the Secretary would, according to the regulation, have no jurisdiction over that claim. Several district courts which have considered that regulation have determined that the regulation is consistent with the intent of Congress and that therefore the Secretary has no jurisdiction over claims where the miner does not meet the requirements for entitlement to benefits prior to July 1, 1973. *See, e. g., Collins v. Weinberger,* 401 F.Supp. 377 (W.D.Va.1975); *Mullins v. Weinberger,* 397 F.Supp. 17 (N.D.W. Va.1975). This Court is in agreement with that determination of those courts. Thus, to establish his entitlement to benefits from the Secretary, plaintiff must establish that he was totally disabled before July 1, 1973 due to pneumoconiosis which arose out of his employment in the coal mines.

The Secretary has provided a number of different methods pursuant to which a claimant may prove such entitlement to benefits under the Act. Those which are conceivably of any application in this case are set forth in 20 C.F.R. §§ 410.410–430, 410.490(b).[4]

### First Alternative

■ The first alternative, set forth in the interim adjudicatory rules, 20 C.F.R. § 410.-

---

**2.** Pneumoconiosis is defined by 30 U.S.C. § 902(b) as "a chronic dust disease of the lung arising out of employment in a coal mine".

**3.** 20 C.F.R. § 410.226(b) provides:

(b) *Prospective life of claims.* A claim which is filed before the claimant meets all the requirements for entitlement to such benefits will be deemed a valid claim if the claimant meets such requirements of entitlement (1) before the Administration makes a final decision on such claim or (2) if the claimant has timely requested judicial review of such final decision before such review is completed. If the claimant first meets the requirements for entitlement to benefits in a month after the month of actual filing but before a final administrative or judicial decision is rendered on his claim, his claim will be deemed to have been effectively filed in such first month of entitlement.

**4.** *See Welsh v. Weinberger,* 407 F.Supp. 1043 (D.Md.1975).

490(b)(1)(i), states that a rebuttable presumption of total disability arises when "[a] chest roentgenogram (X-ray), biopsy or autopsy establishes the existence of [simple] pneumoconiosis". The only chest X-ray in the within case, that of June 15, 1973, was read as negative for pneumoconiosis on two different occasions. Dr. Rawdon E. Rambo, a radiologist and general surgeon (Tr. at 66), read the X-ray on June 15, 1973 and found "[n]o active disease", "[n]o evidence of pneumoconiosis" and a "[n]ormal chest" (Tr. at 65). Dr. John M. Dennis, who is a radiologist certified as a reader of coal miners' chest X-rays by the National Institute of Occupational Safety and Health, Public Health Service, also read the X-ray as negative for pneumoconiosis in September 1974 (Tr. at 67–68). Since the only X-ray in the within case does not establish the existence of simple pneumoconiosis, and since no biopsy was seemingly performed, plaintiff has not established his entitlement under 20 C.F.R. § 410.490(b)(1)(i).

### Second Alternative

■■ The presumption of total disability also arises under the interim adjudicatory rules if the claimant has worked in the mines for at least ten years (as plaintiff did) and if ventilatory studies establish the presence of chronic respiratory or pulmonary disease as demonstrated by certain values contained in the regulation 20 C.F.R. § 410.490(b)(3). For a person of plaintiff's height, 66 inches (Tr. at 69), the presumption of total disability arises only if his Forced Expiratory Volume ($FEV_1$) is equal to or less than 2.3 liters and his Maximal Voluntary Ventilation (MVV) is equal to or less than 92 L/Min. The results of plaintiff's ventilatory study performed on June 23, 1973 showed that his $FEV_1$ was 2.4 liters and his MVV was 95 L/Min. (Tr. at 69).[5] Since both values are greater than the required values, plaintiff could not establish

his entitlement to benefits under 20 C.F.R. § 410.490(b)(3).

### Third Alternative

■ Under the permanent rules, a claimant can establish his absolute entitlement to benefits under 20 C.F.R. § 410.418 by demonstrating the existence of complicated pneumoconiosis through X-ray, biopsy or autopsy. Plaintiff does not even contend that the X-ray in the within case demonstrates complicated pneumoconiosis and no biopsy was performed. Therefore, plaintiff has not established his entitlement to benefits pursuant to that regulation.

### Fourth Alternative

■ A claimant can also establish his right to benefits pursuant to 20 C.F.R. § 410.422 which provides that whether pneumoconiosis renders a miner totally disabled depends upon all of the facts of the case with particular emphasis on the medical severity of the pneumoconiosis. Medical considerations alone justify a finding of total disability under 20 C.F.R. § 410.424 if the miner's impairment meets certain conditions *and* is one of those listed in the Appendix to the regulations or is medically the equivalent thereof. Plaintiff does not contend that he suffers from any of the listed impairments or their medical equivalents. Nevertheless, pursuant to 20 C.F.R. § 410.-426, certain medical criteria will entitle a miner to a finding of total disability. First, there is a table of ventilatory function study values. However, since those values are more stringent than those in the interim adjudicatory regulation which plaintiff cannot meet, plaintiff cannot qualify in that manner. The second criterion is inapplicable herein since it covers certain physical performance tests which were neither performed nor requested by plaintiff. Pursuant to the third criterion, where other relevant evidence establishes that a miner

---

**5.** The results of plaintiff's pulmonary function studies were reviewed by Dr. Samuel Rubin, a general practitioner, and were found to be acceptable for claims adjudication (Tr. at 73–74). Dr. Bernard S. Karpers, a specialist in pulmonary diseases, evaluated the pulmonary function studies and found abnormal pulmonary function and "a slight restrictive defect" (Tr. at 69–72). But that condition, in and of itself, does not entitle plaintiff to the grant of his claim for benefits under any of the alternative tests.

has chronic respiratory or pulmonary impairment, he will be found totally disabled if the pneumoconiosis prevents him from doing not only his former coal mine work but also, considering his age, education and work experience, prevents him from engaging in comparable and gainful work. Additionally, 20 C.F.R. § 410.426 requires that the miner's disability be due to pneumoconiosis, and other medical impairments may not be considered in determining a miner's disability under the Act. Herein, plaintiff cannot recover under 20 C.F.R. § 410.426 because he has not only not proved pneumoconiosis, but the Secretary's findings that he was not prevented from engaging in comparable and gainful work is supported by substantial evidence.

The only evidence in the record supporting plaintiff's claim that he is totally disabled is his own testimony that he started having trouble with his breathing in 1934 and found it "[h]ard to breathe" and was "very short winded" (Tr. at 35). Plaintiff has seemingly never been treated for breathing problems (Tr. at 38–39). Plaintiff stopped working in coal mines in 1935 and was employed as a watchman and playground instructor as part of the Works Progress Administration (WPA) from 1936–41 (Tr. at 35–36). From 1941–42 he was a weigh master for Bethlehem Steel (Tr. at 36). Plaintiff then worked in tool control at Eastern Aircrafts (Tr. at 37). From 1948 to 1953, he drove an airport limousine and from 1953 to 1974, he was a supervisor for airport limousines (Tr. at 38). Plaintiff claims that the jobs in which he worked after his coal mine employment were not comparable and gainful employment under the Act. The administrative law judge found that the jobs were comparable and that the jobs were accepted by plaintiff by choice and availability and not because he was physically impaired. He also found that plaintiff was not disabled as of June 30, 1973 and was then still gainfully employed (Tr. at 7–15).

The conclusions of the Secretary may not be disturbed upon review in a federal district court if they are supported by substantial evidence in the record pursuant to 30 U.S.C. § 923(b) incorporating 42 U.S.C. § 405(g) by specific reference. *See generally, Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Oppenheim v. Finch,* 495 F.2d 396, 397 (4th Cir. 1974); *Blalock v. Richardson,* 483 F.2d 773, 775–76 (4th Cir. 1972); and, in a "black lung" case, *see Baker v. Secretary of Health, Education and Welfare,* 383 F.Supp. 1095, 1101 (W.D.Va.1974). The conclusions of the Secretary herein are so supported.

*Conclusion*

For the reasons set forth *supra,* the Government is entitled to the grant of its motion for summary judgment and this Court is required to affirm the decision of the Secretary. That decision is therefore hereby affirmed.