Joseph **PADAVICH**, Plaintiff,

v.

David **MATHEWS**, Secretary of Health,
Education and Welfare, Defendant.

Civ. No. 75-74-2.

United States District Court,
S. D. Iowa, C. D.

Aug. 11, 1976.

Paul F. Christoffers, Chariton, Iowa, for plaintiff.

Allen L. Donielson, U. S. Atty., and Asst. U. S. Attys., Paul A. Zoss, Wm. D. Scherle, George H. Perry, Des Moines, Iowa, and Joel Cohen, Asst. Gen. Counsel, Frank L. Dell'Acqua, Chief of Litigation, S. S. Division, Dept. of HEW, Baltimore, Md., for defendant.

ORDER

HANSON, Chief Judge.

This matter is before the Court on cross motions for summary judgment filed by defendant December 23, 1975 and by plaintiff on February 18, 1976.

This case is brought under 30 U.S.C. §§ 921(a) and 922(a)(1) of Part B, Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, seeking review of the Secretary's final decision denying plaintiff's claim for black lung benefits. Title 30 U.S.C. § 923(b) incorporates 42 U.S.C. § 405(g) and (h) by reference into the statu-

tory provisions on black lung benefits. Title 42 U.S.C. § 405(g), concerning judicial review provides that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, . . . ." That standard has been clarified in the following manner:

Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.

*Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966) *citing Woolridge v. Celebrezze,* 214 F.Supp. 686, 687 (S.D.W.Va.1963). *See also, Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Brinker v. Weinberger,* 522 F.2d 13 (8th Cir. 1975); *Klug v. Weinberger,* 514 F.2d 423 (8th Cir. 1975).

The Court, after examination of motion papers, the administrative record and pertinent law, is of the opinion that substantial evidence exists to support the decision of the Secretary denying Mr. Padavich's claim for black lung benefits. The defendant's motion for summary judgment must therefore be granted.

Regulations No. 10 of the Social Security Administration, 20 C.F.R. §§ 410.101 *et seq.* contain the regulations promulgated pursuant to § 921(a) of the Federal Coal Mine Health and Safety Act of 1969, *supra.* Section 410.410(b) states, in part, that:

(b) To establish entitlement to benefits on the basis of a coal miner's total disability due to pneumoconiosis, a claimant must submit the evidence necessary to establish: (1) That he is a coal miner, that he is totally disabled due to pneumoconiosis, and that his pneumoconiosis arose out of employment in the Nation's coal mines; . . .

The provisions for determining entitlement are contained in §§ 410.410–410.462 of the regulations. In this case, the interim adjudicatory rules of § 410.490 also apply because Mr. Padavich filed his original claim prior to July 1, 1973.

In this case, the decision of the Administrative Law Judge became the decision of the Secretary when the Appeals Council adopted the decision of the Administrative Law Judge after review of that decision pursuant to plaintiff's request. (Administrative record at 4).

The bulk of the evidence in this case concerns medical tests conducted with Mr. Padavich's cooperation. The medical standards necessary to prove entitlement to benefits under the § 410.490 interim adjudicatory rules are less stringent than those required under §§ 410.410–410.462. (Compare table in 410.490(b)(1)(ii) to table in 410.426). It is also important to note that § 410.490(e) allows a miner who has been unable to prove entitlement under the medical tests in § 410.490 to prove his entitlement by the various other means provided in §§ 410.412–410.462. It is clear from the administrative record that the application of all pertinent sections of the regulations to the facts of this case have been carefully considered by the Secretary. The consideration given the medical evidence of record as it applies to the § 410.490 interim adjudicatory rules suffices to illustrate:

In the present case, the evidence does not establish that any significant stage of pneumoconiosis has been established by x-ray or by biopsy. Chest x-ray at the Ottumwa Hospital, Ottumwa, Iowa, on December 26, 1972, was interpreted by Dr. Meyer W. Jacobson, a specialist in internal medicine and pulmonary diseases, to demonstrate essentially negative findings insofar as pneumoconiosis was concerned. This x-ray was also examined by Dr. Jay S. Gordonson, a Board certified radiologist. He also returned a finding that said x-ray was negative insofar as the establishment of pneumoconiosis was concerned. (See exhibits 22 and 24.) Ventilatory studies were also performed on December 19, 1972, and resulted in essentially negative findings insofar as the establishment of a significant ventilatory problem was concerned. As a result of that study, it was said that the claim-

ant's $FEV_1$ was 2.7 and his MBC was 75L/min. The claimant is 71 inches in height and must demonstrate an $FEV_1$ value equal to or less than 2.6 and MBC or MVV of 104 or less. In order to establish entitlement under the interim criteria, both the MBC and the $FEV_1$ must be equal to the values provided by the table. It is therefore concluded that the claimant fails to meet the severity of requirements of the interim criteria as set forth in section 410.490(d)(1)(ii) [sic].

Administrative record at 16.

■ While the medical evidence in this case is conflicting, it is important to recall that "such conflicts are for the Secretary to resolve." *Downing v. Weinberger,* 390 F.Supp. 1384, 1387 (S.D.Ind.1975); *see also* 20 C.F.R. § 410.471. In cases like this, it is not the function of this Court to reevaluate all evidentiary conflicts. The Secretary found that the claimant had not established entitlement under § 410.490. Substantial evidence exists to support that decision.

Section 410.490(e) also applies to this case. Thus, the claimant may attempt to establish the § 921(c)(4) rebuttable presumption of entitlement. Under 30 U.S.C. § 921(c)(4), a rebuttable presumption of entitlement arises in favor of a miner seeking benefits when he establishes 15 years employment in the coal mines, and the existence of "a totally disabling chronic respiratory or pulmonary impairment." Proof of 15 years employment in the coal mines establishes the rebuttable presumption that the totally disabling chronic respiratory or pulmonary impairment is a result of the period spent working in the mines. The Secretary may refute an established § 921(c)(4) presumption only if he proves that the miner does not have pneumoconiosis, or that his totally disabling chronic respiratory or pulmonary impairment did not arise out of, or in connection with, employment in the coal mine.

The plaintiff attempted to establish the § 921(c)(4) presumption. The Administrative record at p. 19 states the Secretary's concession that ". . . the claimant has at least 15 years of coal mine employment, whereby he worked for employers."

■ As previously stated, in order to establish the § 921(c)(4) presumption, the claimant must also establish the existence of a totally disabling chronic respiratory or pulmonary impairment. "A chronic respiratory or pulmonary impairment is considered totally disabling if it is so severe that it not only prevents the claimant from engaging in his previous coal mine work but also, considering his age, education and work experience, he is prevented from engaging in any other kind of comparable and gainful work available to him in the immediate area of his residence." *Hayes v. Mathews,* 407 F.Supp. 919, 921 (E.D.Tenn., 1976). The plaintiff introduced evidence in an attempt to establish a chronic respiratory or pulmonary impairment. Dr. Leffert treated the plaintiff, noticed wheezing, phlegm and considered the claimant totally disabled. (Administrative record at 117). Dr. Badruddoja diagnosed pneumoconiosis and advised plaintiff to quit working in the mines. (Administrative record at 106, 107). Mr. Padavich appears to have a chronic respiratory or pulmonary impairment. However, the Secretary found that Mr. Padavich was not totally disabled. Mr. Padavich quit working in the mines in 1957. Since then he has worked construction, in machine shops, as a carpenter. The knowledge of heavy machinery that Mr. Padavich has used to gain employment since he left the mines, he acquired while working with heavy machinery in the mines. His work outside the mines is therefore comparable to that in the mines. Mr. Padavich is retired and receives social security. He worked 48 hours at an industrial machine the week before the hearing. (Administrative record at 43–48). Viewing this work record, the Secretary concluded that Mr. Padavich was not totally disabled, and that the § 921(c)(4) presumption was not established. The Court is of the opinion that substantial evidence in the record as a whole supports the opinion of the Secretary. Such conflicting evidence is for the Secretary to resolve, *Downing, supra,* at 1387.

IT IS THEREFORE ORDERED that the plaintiff's motion for summary judgment be, and hereby is, denied; and the defendant's motion for summary judgment be, and hereby is, granted.