Cecil P. OWENS, Plaintiff,

v.

David MATHEWS, Secretary of Health, Education and Welfare, Defendant.

No. S 75–22.

United States District Court, N. D. Indiana, South Bend Division.

July 26, 1977.

G. C. Perry, III, Paintsville, Ky., Leroy D. Gudeman, Knox, Ind., for plaintiff.

Richard Kieser, U.S. Atty., South Bend, Ind., for defendant.

## MEMORANDUM

ALLEN SHARP, District Judge.

The plaintiff, Cecil P. Owens, brought this action seeking review of a final decision by the Secretary of Health, Education and Welfare denying his claim for benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C.. § 901 et seq. (hereinafter called "Act"). Jurisdiction is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates 42 U.S.C. § 405(g).

## FACTS

The plaintiff, Cecil P. Owens, was born on May 8, 1922 and has a seventh grade education. The plaintiff worked about thirteen years in a coal mine as a repairman from 1950–1963. Plaintiff's disability was "chest hurts, breath hard." As evidence of his coal mine employment, plaintiff submitted a statement from his former employer. The Administrative Law Judge found that the plaintiff had worked as a miner at least ten years.

The plaintiff testified that he left the mines in 1963 when the mine shut down. His main employment since leaving the mines until 1974 was a welder. The plaintiff has not filed for workman's compensation benefits.

## ADMINISTRATIVE PROCEEDINGS

Plaintiff has filed an application for benefits under the Act on May 25, 1973. The application was denied initially on February 20, 1974 and on reconsideration on April 12, 1974 by the Bureau of Disability Insurance of the Social Security Administration (hereinafter referred to as the Administration). Plaintiff requested a hearing, and he appeared personally with his attorney to testify at the hearing held on August 2, 1974. Upon consideration of the case de novo, the Administrative Law Judge found on September 26, 1974 that plaintiff was not entitled to "black lung" benefits.

The Appeals Council, after considering all the evidence of record including evidence not before the Administrative Law Judge, approved the decision of the Administrative Law Judge on January 7, 1975, thereby making his decision stand as the final decision of the defendant Secretary.

## ISSUE

The only issue before the Court is whether there is substantial evidence in the record of this case to support the final decision of the defendant Secretary that plaintiff was not entitled to benefits under the Act.

## HOLDING

The Court having reviewed the pleadings and transcript of the record, does now AFFIRM the decision in favor of the defendant, David Mathews, Secretary of Health, Education and Welfare, and against the plaintiff, Cecil P. Owens.

## STANDARDS OF REVIEW

■ It is the responsibility of the Secretary under the Act and the Social Security Act to weigh the factual evidence and to resolve any conflicts therein. Judicial review of the Secretary's determinations is limited in scope by section 413(b) of the Act, 30 U.S.C.A. § 923(b), incorporating by reference section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), which provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." The United States Supreme Court has held that "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It is not the function of the court in a judicial review of such an administrative action to appraise the evidence *de novo*. As the court stated in *Moon v. Celebrezze*, 340 F.2d 926, 930 (7th Cir. 1965):

"We must apply the rule governing judicial review that the courts are limited to a determination of whether the record as a whole contains substantial evidence which supports the administrative decision. They may not resolve conflicts in the evidence. They may not decide questions of credibility. The Secretary's ultimate factual determinations stand if they are supported by such relevant evidence, when considered in the context of the entire record, as a reasonable mind might accept as adequate to support a conclusion."

*Lahr v. Richardson*, 476 F.2d 1088 (7th Cir. 1973); *Lechelt v. Cohen*, 428 F.2d 214 (7th Cir. 1970).

■ The conclusiveness of the Secretary's findings of fact applies as well to inferences reasonably drawn from that evidence. *Futernick v. Richardson*, 484 F.2d 647 (6th Cir. 1973); *Vineyard v. Gardner*, 376 F.2d 1012 (8th Cir. 1967); *Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972), cert. denied, 409 U.S. 859, 93 S.Ct. 144, 34 L.Ed.2d 105 (1972); *Trujillo v. Richardson*, 429 F.2d 1149 (10th Cir. 1970); *Reyes v. Secretary of Health, Education and Welfare*, 155 U.S.App.D.C. 154, 476 F.2d 910 (1973).

The Secretary's decisions based on a similar analysis in comparable cases under the Act have been upheld in *Downing v. Weinberger*, 390 F.Supp. 1384 (S.D.Ind.1975); *Cox v. Weinberger*, 389 F.Supp. 268 (E.D. Tenn.1975); and *Rainey v. Weinberger*, 388 F.Supp. 1277 (E.D.Tenn.1975).

## DISCUSSION

■ The principle that a claimant for social security benefits has the burden of establishing all elements of his entitlement is well settled. *Halsey v. Richardson*, 441 F.2d 1230, 1236 (6th Cir. 1971); *Carqueville v. Flemming*, 263 F.2d 875, 877 (7th Cir. 1959). With the proviso that statutory presumptions may be applicable in certain circumstances, the same principle applies to claims for "black lung" benefits under Title IV of the Act. *Baker v. Secretary, H. E. W.*, 383 F.Supp. 1095, 1097 (W.D.Va.1974). Pursuant to the statutory mandate in section 411(b) of the Act, 30 U.S.C.A. § 921(b), the Secretary has promulgated Administration Regulations No. 10, Subpart D, 20 C.F.R. §§ 410.401–410.90. These regulations, together with the statutory standards and presumptions, establish the alternative tests for entitlement.

Plaintiff has established, as necessary here in order to be eligible for benefits, that he was a coal miner. However, he has not carried his burden of establishing that he is totally disabled due to pneumoconiosis arising out of coal mine employment or to a chronic respiratory pulmonary impairment which can be presumed pneumoconiosis in accordance with Subpart D of the Regulations.

■ The evidence of record established that plaintiff had worked approximately 13 years in coal mine employment. Since the miner worked more than ten years in the mines, he would be entitled to use the rebuttable presumption that any pneumoconiosis did arise out of coal mine employment provided in section 411(c)(1) of the Act, which is implemented by section 410.416 of the Regulations. However, he must establish that he had pneumoconiosis.

The basic question concerning this matter is, is there enough evidence to prove that plaintiff was suffering from pneumoconiosis before July 1, 1973 when the Health, Education and Welfare lost jurisdiction of payment for these claims. The government allows under 30 U.S.C.A. § 921 for benefits to be paid to miners who have been employed in the nation's coal mines. This provision is pursuant to their filing of a claim under 20 C.F.R. § 410.227. These claims then become effective if they meet the provisions under 20 C.F.R. § 410.226, specifically § 410.226(b) which is of special concern to this case. This provision states that:

"Prospective Life of Claim;

A claim which is filed before the claimant meets all the requirements for entitlement to such benefits will be deemed a valid claim if the claimant meets such requirements of entitlement (1) before the Administration makes a final decision on such claim or (2) if the claimant has timely requested judicial review of such final decision before such review is completed. If the claimant first meets the requirements for entitlement to benefits in a month after the month of the actual filing but before a final administrative or judicial decision is rendered on his claim, his claim will be deemed to have been effectively filed in such first month of entitlement."

■ In order to be eligible for benefits under Part B, therefore, a miner's claim must be both *timely* and *effectively* filed under the statute and regulations before January 1, 1974. 30 U.S.C.A. § 924(a)(1); 20 C.F.R. § 410.226(b). If a claimant filed an application with the defendant Secretary under Part B prior to July 1, 1973, but establishes a disability due to pneumoconiosis beginning after that date, his entitlement, and therefore, the effective filing of his claim will be subsequent to July 1, 1973. Consequently, the defendant Secretary would no longer have jurisdiction over such a claim pursuant to 30 U.S.C.A. § 925(a)(1).

In the present case, the additional evidence which plaintiff submitted following the decision of the Administrative Law Judge does not establish a total disability due to pneumoconiosis beginning prior to July 1, 1973.

This implementation of the Congressional mandate has been held proper by a number of United States District Courts in this and other circuits. *Bush v. Weinberger*, D.C., 399 F.Supp. 182 (1975); *Mullins v. Weinberger*, D.C., 397 F.Supp. 17 (1975); *Bellamy v. Mathews*, Civil Action No. EV–75–17–C (S.D.Ind.1975, Holder, J.); *Burcham v. Secretary of Health, Education and Welfare*, Civil Action No. IP 75–284–C (S.D.Ind.1975, Steckler, J.); *Lawson v. Mathews*, D.C., 406 F.Supp. 1283 (1975).

This Court now must examine the record to see if in fact the plaintiff suffered from pneumoconiosis prior to the date the defendant, Secretary of Health, Education and Welfare, lost jurisdiction of the case. This Court's decision is based on the medical evidence submitted and the plaintiff's work record subsequent to his coal mine employment.

### Medical Evidence

■ Courts have held that medical examinations may be conducted after the cut-off date of jurisdiction of the Department of Health, Education and Welfare. The evidence derived from these examinations are relevant to the essential issue of whether a claimant was totally disabled due to pneumoconiosis prior to that date. *Phillips v. Mathews*, D.C., 412 F.Supp. 238 (1976); *Hunley v. Weinberger*, D.C., 403 F.Supp. 374 (1975); *Mullins v. Mathews*, D.C., 414 F.Supp. 874 (1976).

■ The interim adjudicatory rules of section 410.490 of the Regulations provide that, where the miner filed his claim prior to July 1, 1973 there is the possibility of establishing entitlement by means of a rebuttable presumption of total disability due to pneumoconiosis. However, the medical evidence of record shows that plaintiff has not established pneumoconiosis or a chronic respiratory or pulmonary disease through any of the alternative means required in this section. Under 410.490(b)(1)(i) the plaintiff would be presumed to be totally disabled if the existence of pneumoconiosis is established by chest x-ray or biopsy. There is no biopsy evidence in the record and the x-ray evidence is at best conflicting.

■ When medical evidence conflicts in a case brought under the Act to recover black lung benefits, it is for the Secretary of Health, Education and Welfare to resolve these conflicts. This principle is upheld in *Padavich v. Mathews,* D.C., 416 F.Supp. 1229 (1976), *Downing v. Weinberger,* 390 F.Supp. 1384, 1387 (S.D.Ind.1975). In black lung actions such as these it is not the function of this Court to reevaluate all evidentiary conflicts. *Padavich,* supra.

■ A second alternative for establishing entitlement is to raise the rebuttable presumption of total disability due to pneumoconiosis is provided in section 411(c)(4) of the Act, which is implemented by section 410.414(b) of the Regulations. Section 410.-414(b) in turn incorporates by reference sections 410.412, 410.422 and 410.426. Plaintiff here has not established a totally disabling chronic respiratory or pulmonary impairment in accordance with these regulatory sections. In particular, under section 410.-426, plaintiff may use ventilatory studies, physical performance tests or "other relevant evidence" to establish that he has such an impairment and that its severity precludes him from his coal mining or other comparable, gainful employment. Section 410.426(b) sets out a table of values for the results of ventilatory studies which are even stricter than those under the interim rules of section 410.490. Since the plaintiff's ventilatory studies fail to qualify him under the interim rules, *a fortiori,* he cannot be qualified under section 410.426(b). No physical performance tests were submitted in this case, thereby making section 410.426(c) inapplicable. Under section 410.-426(d) "other relevant evidence" such as EKG, blood gas studies, and physicians reports may be used to establish the existence of a totally disabling chronic respiratory or pulmonary impairment. In the case at bar, the "relevant evidence" submitted did not establish any impairment under the Act.

■ The final alternative under which the plaintiff may establish liability is found in 410.418. Under this section, if certain medical criteria are met the plaintiff can establish impairment under the Act. After careful review of the medical evidence, this Court holds that the plaintiff does not qualify under this section.

### Plaintiff's Work Record Subsequent To His Coal Mine Employment

The second reason upon which this Court bases its holding to affirm the decision in favor of the defendant relates to the plaintiff's work record subsequent to his employment as a coal miner.

■ As was previously stated, in order for a claimant to recover black lung benefits, the claimant must prove total disability established in 20 C.F.R. § 410.410(b). A miner who has worked ten years or upon proper showing, an interim presumption that he was totally disabled due to pneumoconiosis, 20 C.F.R. § 410.490(c). A miner is "totally disabled" if his pneumoconiosis prevents him from engaging in gainful work in the immediate area of his residence requiring skills and abilities comparable to those of any work in a mine or mines in which he previously engaged with some regularity and if his impairment can be expected to last for at least twelve months. 20 C.F.R. § 410.412(a)(1), (2).

■ However, any interim presumption that the miner was totally disabled due to pneumoconiosis is rebutted by evidence which establishes that the miner is not now working in the mines but working regularly

and gainfully in a comparable job, in the immediate area of his residence over a substantial period of time. 20 C.F.R. § 410.-412(a)(1), (2); *Hunley v. Weinberger,* D.C., 403 F.Supp. 374 (1975); *Brock v. Weinberger,* D.C., 405 F.Supp. 1329 (1975); *Wright v. Mathews,* D.C., 412 F.Supp. 955 (1975).

 In the case at bar it is significant to note that plaintiff left his mining work because the mine shut down and not because of his health. The circumstances under which the plaintiff left his job as a miner are indicative of his ability to work. *Anderson v. Richardson,* 352 F.Supp. 1203 (E.D.Pa.1972). The plaintiff continued to perform the same type of work that he had been doing in the mines and was regularly employed at the time of the hearing as a welder. Although plaintiff stated he had to take time off of his welding jobs when his breathing problems became too severe, he always was able to return to this comparable, gainful employment. Plaintiff has not been treated by his regular physician, Dr. Ingwell, for a breathing condition. And despite Dr. Ingwell's advice to avoid work in dust and smoke, plaintiff continued to work at his welding job where he was exposed to fumes. All these factors support the Secretary's determination that plaintiff has not demonstrated that he is totally disabled.

The plaintiff has failed to establish through medical finding or lay evidence the existence of pneumoconiosis or a totally disabling chronic respiratory or pulmonary impairment which can be presumed to be pneumoconiosis within the meaning of the Act. Although plaintiff experiences symptoms often associated with pneumoconiosis, his condition is not totally disabling as shown by the clinical findings in the record. In any event, these symptoms may have resulted from his smoking or his current occupation as a welder as well as from his coal mine employment which ceased over ten years ago.

This Court takes note of the fact that the plaintiff worked eleven years as a welder subsequent to his coal mine employment. This subsequent employment does not meet the definition of total disability under 20 C.F.R. § 410.412(a)(1), (2). The fact situation in the present case parallels the facts in the above cited areas, *Hunley, Brock* and *Wright,* supra, in which the claimant was denied benefits on these very grounds. This Court sees no reason to view these facts and conclusions any differently in the case at bar.

The plaintiff should note, however, that even though he has failed to make a valid black lung claim against the defendant, he may choose to refile his claim against another party to whom jurisdiction has passed, and submit this study as well as any other evidence to establish his qualification subsequent to June 30, 1973, *Mullins v. Mathews,* D.C., 414 F.Supp. 874 (1976).

### CONCLUSION

Therefore, in view of the foregoing, this Court finds and concludes that the Secretary's decision that the evidence does not establish that claimant had pneumoconiosis or a totally disabling chronic respiratory or pulmonary disease at any time through June 30, 1973 is supported by substantial evidence and should therefore be AFFIRMED.

A judgment based on the foregoing will be entered this date.